Lane, J.,
delivered the opinion of the court:
The subject .of appropriations for public purposes has of late been frequently under the consideration of courts in our country; and it is now well settled that where lands are dedicated by the owner to any lawful use, public, pious, or charitable, and are used for the object, and in the manner contemplated by the owner, it inures as’ a grant. The existence of a grantee is not essential to the validity of such dedication, nor is any particular form of words necessary to give it effect. If accepted and used by the public in the manner intended, it works an estoppel in pais, precluding the donor, and all claiming in his right, from asserting any ownership inconsistent with such use. Town of Pawlet v. Clarke, 9 Cranch, 292 ; McConnel v. Town of Lexington, 12 Wheat. 582; Beattie v. Kurtz, 2 Pet. 566; Cincinnati v. White, 6 Pet. 432; Rex v. Lloyd, 1 Camp. 262; Price v. M. E. Church, 4 Ohio, 547; Heirs of Reynolds v. Comm’rs of Stark, 5 Ohio, 204; McBride and Hueston, 6 Ohio, 101; Ladd v. Sheperd, 2 Str. 1004; Jarvis v. Dean, 3 Bing. 447.
It is not unusual for appropriations to be made for some purpose evidently public, where, from the want of certainty, it is dif *309 ficult to learn the precise object. To ascertain this object, in this case, the parties attempt to discover the intention of the owners of the town. With this view, the plaintiff proves declarations by them that they intended to provide a site for a court-house, if 304] wanted, and, if not ^needed for that purpose, the square to remain open for the town; while the defendants attempt to prove that they designed, if no court-house should be erected upon it,, either to resume it or appropriate it to some seminary of learning. No such uncertainty rests on the case before us; for the acknowledgment and record of the town plat (which is the act of dedication, and which, by the operation of section 2 of the statute of 1805, for the recording of town plats [reprinted 22 Ohio Stat. 301], transfers the fee of the land to the county, and secures its use for the purposes designated on the plat), sufficiently defines the object of the grant; and no declarations or presumed intentions of donors can divert it to a different purpose.
It is clear that Brandon’s agency was authorized by the proprietors, for they have ratified it in various ways. They have adopted his numbers of the lots, they refer to his plat in their deeds as the “recorded town plat;” they bound some of the lots on the “ public square,” and the town has been occupied, in con- . fortuity with this plat, for twenty-five years. There is no higher evidence of the public appropriation of the streets and alleys of the town than of the square.
The present case is plainly different from any heretofore decided by this court. In Heirs of Reynolds v. Comm’rs of Stark, 5 Ohio, 204, the donation was for “county buildings.” In Smith v. Hueston et al., 6 Ohio, 101, the object of the donation was for “ public buildings for the inhabitants of the county of Butler.” By these grants estates were vested in the county as a municipal corporation, and became their absolute property. Here the land was set apart as a “public square; the use is raised and defined, ex vi terminorum, essentially for the benefit of the inhabitants of the towuj the due enjoyment of which will be secured by a court of chancery. 4 Ohio, 547 ; 5 Ohio, 204.
Objections are raised to administering this remedy, at tfie instance of these parties, and we are referred to the opinion of the-court in one of the above cases (6 Ohio, 102), in which it is said, that “ rights purely public are to be enforced in the name of the state or of its acknowledged agents>” In that case the injury, if *310 ;any, was done to the county, which should be repaired in a suit in its name and at the .instance of the proper officers; but the remedy was denied to those plaintiffs because they were volunteers :305] only, having no ^individual interest. The judge, however, proceeds, in the report, to show that the bill could not be sustained under the well-established principles applicable to the case ¡before us, that one commoner may prefer his suit to sustain the common interest (2 Pet. 585; Mitford’s Pl. in Ch. 145; Ch. Cas. 272 ; Cooper’s Eq. 41; 1 Atk. 282) ; and that one creditor (2 Ves. 312; 28 Ves. 78; 2 Johns. Ch. 296; 6 Ohio, 112), one legatee (4 Johns. Ch. 619, 303 ; 3 Johns. Ch. 553; 3 Br. Ch. 229), or one of a great number interested, under peculiar circumstances, and, for ■convenience, representing the whole (6 Ves. 779; 11 Ves. 429; Prec. in Ch. 592; 12 Ves. 542), may litigate for the benefit of all. 'This bill is not skillfully drawn; yet it sufficiently appears that the plaintiff is one of the inhabitants of the town, living and holding property contiguous to the square, the value of which is .affected by the dedication. He is, therefore, not a volunteer assuming to protect the rights of others; but entitled to this remedy for the protection both of his individual and his common interests. ■Case remanded to the county, to settle the terms of the decree.