Judge Lane
delivered the opini on of the court:
No perticular words or ceremonies, or form of conveyances, is necessary to render the act of dedicating land to public uses effectual. Anything which fully demonstrates the intention of the donor, or the acceptance by the public, works the effect. The beneficial interest in the land was in the colonists since 1780. The legal title was acquired by their ^trustees in 1796, and it is convincingly, shown that all parties have united in some act of dedication for the use of a public square. The original survey of the town left the ground for this purpose, in conformity to our *222 habits — in greater conformity to the habits and customs of the people composing the colony; the words “La Place” [the place], by which it is designated on the recorded plat, and by which it has always been distinguished, and to which no other interpretation can be fixed, in this connection, than a public square, or a plat of ground devoted to some public object. The acts of the commissioners, valuing the lots adjoining “La Place” at a higher price, “because it was forever inalienable, and to be kept open,” thus furnishing evidence of the object; the ratification by the inhabitants of these acts, in adopting this plan of valuation; the registration of the town plat by the legal owners, in 1796; the’ uses for thirty-eight years; the general belief of its dedication; the acts of the defendants, resisting the encroachments of the county, and declaring the reservation for this object by vote; all these show conclusively the dedication of the ground for the use of the inhabitants of the town.
The fee of lands dedicated to public objects sometimes passes directly to the corporation for whose use it is intended, and is sometimes held by a corporate town, or by a county, in trust for the uses designated. In the first case, as where land is given to a town for corporate purposes, a vesting by the present statute, 29 Ohio Stat. 351, or where land is acquired by a county by purchase, or where given for county objects, a vesting by section 4 of the act of 1800, 2 Ter. Laws, 43, an absolute estate is held by the corporation, which they may alien, 5 Ohio, 204, and third persons are not permitted to interfere with the management of their agents. 6 Ohio, 101. But when such corporation take as trustees, to hold to prescribed uses, the cestui que use requires a vested estate, the enjoyment of which may be obtained in chancery. In this case the land was either vested in the town for the use of the inhabitants by the general acts of dedication, or it passed to the county by the statute, to be held for this use. It has been settled in this court, that where land is dedicated to the use of the inhabitants of a town, one, or more, especially one.whose property is affected in value, may enforce the execution of the trust. 6 Ohio, 304. The plaintiffs may sustain ^their suit, unless the defendants prove the authority they claim, under the act of the legislature.
Among the inestimable advantages secured' by the constitution of Ohio to its citizens, is the inviolability of private property. The power of divesting the owner of his rights is limited by sec *223 tion 4 of article 7, to those cases where it is necessary for the public welfare. The transfer of specific property from, one individual to another, without pre-existent right, or the forfeiture for a penalty, or the consent of parties, can not be accomplished by direct legislative action. 3 Mass. 106; 11 Ib. 396; 16 Ib. 76, 215. So the franchises and powers held by a private corporation, can not be revoked, unless a forfeiture from misconduct by the company. 2 Mass. 143; 6 Cranch, 88; 7 Cranch, 164; 9 Ib. 43, 229; 7 Cond. 53; 1 Paige Ch. 107; 2 Kent Com. 305, 2 ed. And in public corporations instituted for political or civil purposes, as cities or towns, where no such limitation • attaches to the powers of the legislature, in case of a dissolution of the body by a repeal of the charter, the property it holds for others does not become the property of the state; it continues private property, 16 Mass. 76, 215; the trust does not cease when the trustee fails. Co. Lit. 115, a note. If the object of its creation can be attained, the court of chancery will enforce its execution. 9 Cranch, 52. Where circumstances are so changed, that the direction of the donor prescribing the use, can not be literally carried into effect, the legislature or the court, in those cases where general intention can be effected, may lawfully, in some cases, enforce its execution as nearly as circumstances admit, by the application of the doctrine of cy pres. 7 Vern. 36, 490; 9 Ib. 405; 1 Vern. 248; 2 Cox, 365. And where the object of the trust wholly fails, the fund does not become public property, but reverts to the donor.
In the case, then, before us, wherever the fee was vested it was held in trust as a public square, for the use of the inhabitants of the town. It was valuable property, appurtenant to the estates of the lot-holders. The statute professes to authorize the defendants to apply the land to a different purpose, without the consent of those interested, from the surmised greater convenience of the citizens. Our course of reasoning has led us to the conclusion, that the act confers upon the defendants no power to divert this property from its original use. Perpetual injunction awarded.