Caldwell, J.
Several errors are assigned upon this record.
The first one ’which we propose to notice, is the objection taken to the indictment. It is said the indictment is bad, charging different offenses, horse stealing and grand larceny.
It is not, in general, objectionable to an indictment, that it contains charges, in different counts, of different offenses, if the crimes charged be of the same nature. In this instance, the ■offenses charged are of the same nature; indeed, they are both larceny. The distinction which has been created by statute, *223 is only one of degree, the legislature treating larceny of horses as a higher crime than larceny of other property. The rule, I believe, is universal, that when offenses differ only in degree, they may, with propriety, be charged in different counts in the same indictment. The legislature, it is true, calls one a misdemeanor and the other larceny. Yet the language of the statute is the same in defining both offenses: if any person shall steal any money or goods, in the one case, and if any person shall steal any horse, etc., in the other. Both are alike governed by the rules of evidence and pleading applicable to larceny. A different punishment being affixed to these two kinds of larceny, they could not be charged in the same count of the indictment; if so, the count would be bad for duplicity. It would follow, then, as a consequence, if the charges of stealing horses and other property could not be contained in different counts of the same indictment, in a case such as the present, where the taking the horses and the other property was done at the same time, a party might be twice tried and punished for the same identical transaction. If they were separate and distinct offenses, that could not be joined; the record in one case would not be a bar to a prosecution in the other. We see no objection whatever to the mode of pleading adopted in this case.
Another error assigned is, the admission of evidence going to show that the defendant had committed a larceny the night previous to the day on which he is charged with committing this offense.
This, we think, was clearly erroneous. It is never admissible to prove that a person has previously committed a crime of a similar character, to show that he committed thfe criminal act for which he is on trial; and although the court, in this instance, say that the evidence was only admitted for the purpose of showing the intent with which the defendant got possession of the property, yet we do not see any connection between the two transactions, that would enable any legitimate conclusion to be drawn as to that fact. The only conclusion that we can *224 see, that could be fairly drawn from the evidence, would be that the defendant intended to steal the horses and other property with which he was charged, because he was a thief, and had just before stolen a sum of money. '
Each case must be tried on its own merits, and be determin ed by the circumstances connected with it, without reference to the character of the party charged, or the fact that he may have previously committed similar crimes.
On the part of the prosecution, the general bad character of the defendant cannot be proved, when he offers no evidence of character; much less can particular acts of his be proved, of which the record gives him no notice, and which he, therefore, cannot be expected to meet.
The overruling of the motion of defendant in arrest of judgment, on account of the alleged defect in the verdict, is also assigned as error.
The verdict finds the defendant guilty on both counts, and assesses the value of the property stolen, in gross. On the first count, for horse stealing, it is only necessary that the property be of some value; on the second count, for grand larceny, the property must be of the value of thirty-five dollars ; and that fact must be found by the jury, before the court can give a judgment on it, sentencing the party to confinement in the penitentiary.
In this case, the court gave judgment on both counts — on the one for grand larceny as much as the one for horse stealing — and yet, the verdict does not inform them what was the value of the property stolen, that is described in that count: it may have been of less value than thirty-five dollars. It is not like the case of a judgment on an indictment containing some bad counts and some good, where the bad counts are treated as surplusage. In such case, the jury in finding their verdict, and the court in entering the judgment, are presumed to have only considered the good counts, the others having no legal efficacy. But here is a good count, on which the court have entered a judgment, sending the defendant to the penitentiary; *225 and whether the amount of property stolen, charged in that count, was sufficient to authorize such a judgment, the record does not show.
Nor do we consider this objection as merely technical. A party has rights after verdict. He has a right to move in arrest of judgment, or to have the record examined by a court of errors.
If this verdict be good, and the judgment predicated on it be valid; if it should turn out that the count for horse stealing was bad, and the count for grand larceny good, that count would be a sufficient predicate for the judgment given in this case; and under the rule which we have stated above, a court of errors would presume that the judgment was given on the good, count only, when the fact might be that the property therein described was of less value than thirty-five dollars.
Other cases might be supposed in which a party might be prejudiced by this uncertainty of the verdict and judgment. We think, then, that in a case of this kind, the verdict should show the specific finding on each count, so that it might appear how far the judgment was sustained by each.

Judgment reversed.