Shearer, J.
The first question to be considered is whether upon the vacation of said streets and alleys, the title to the lands included therein reverted to the heirs at law of the original proprietor.
*144 The case of The Board of Education v. Van Wert, 18 Ohio St. 221, relied upon by plaintiffs, as a controlling authority, relates to property dedicated for school purposes; and upon an abandonment of the use it was held that the Board of Education was not entitled to sell the property and apply the proceeds to the purchase of other real estate for school purposes. In other words, that the trust created by the dedicator could not be executed cy pres.
That being so, it necessarily followed that the title reverted to the original proprietor and to his heirs at law. If not, where could it vest ? The beneficiary had abandoned it, and the abutting and adjacent lot owners had no interest in its use not common to the public. In no sense could it be said tobe appurtenant to the abutting lots. Hence, it would seem, if the doctrine of cy pres was inapplicable, that the supreme court could not do otherwise than hold that the title reverted.
But that case is distinguishable from this.
Here the dedicator laid out and platted an addition, by which he granted in fee to the city, for the use of the public, the streets and alleys designated on the plat. Subsequently he parted with his title to all the lots of said addition, and thereby divested himself of all interest in said streets and al-. leys other than that common to the public; while his grantees acquired a peculiar interest in said streets and alleys bounding their lots, which neither the local nor the general public could pretend to claim. Swan, J., in Crawford v. Delaware, 7 Ohio St. 469.
Thus matters stood until the year 1888, when the ancestor of the Taylors procured a vacation of said streets and alleys, re-platted said lands, and laid out other streets and alleys in lien of those vacated; which proceedings were amended by Taylor’s executor in 1889; and it is contended that by reason of this action the title to the streets so vacated reverted to plaintiffs as heirs at law of Ramsey, the original dedicator.
But it is to be borne in mind that Ramsey was indirectly compensated for the streets and alleys dedicated by him in the *145 enhanced value of the lots due to the establishment of said streets. The appendent easement in contiguous streets forms a large part of the consideration paid for lots, and is of such intrinsic value to the lot owners that assessments for the improvement of streets are made on adjacent lots instead of the corporation generally. '
In the language of Lane, C. J., in Bingham v. Doane, 9 Ohio R. 167, in relation to a highway : “ Its existence generally contributes to the enjoyment of the adjacent lot, and confers additional value upon it.”
"When Ramsey parted with his title to said lots, as we have seen, his peculiar interest in the streets and alleys — an incidental title to certain facilities and franchises — for example the means of access, of ingress and egress and the like, passed to his grantees, without which their property would be of comparatively little value.
These are rights incident to the ownership of the lots, which cannot be impaired or taken away without compensation. Vacation of the streets and alleys does not aflect the rights of the adjacent proprietor, nor rehabilitate the original owner with the title to the lands included therein. If it did it would follow that upon the vacation of a street the orig:nal proprietor would have the right to take possession thereof, fence it in, cultivate crops thereon, or make any other use of it which an .owner in fee simple may lawfully make of real estate, and the abutting owners would have no remedy except to incur the expense and trouble of procuring the establishment of new streets; and this, notwithstanding they had purchased their lots upon the faith of their right to have the streets kept open for their benefit. Such is certainly not the law. Convenience and necessity, if no other consideration, require that where highways are vacated the title thereto shall vest in the abutters. Vacation is an abandonment of the rights of the pub-lie to have and use the streets and alleys as public highways, but not a relinquishment of the rights of abutting owners therein. Section two thousand six hundred fifty-four of the *146 Revised Statutes provides that the order, of vacation of a street or alley shall “ operate as a revocation of the acceptance thereof by the council; but the right of way and easement therein of any lot owner shall not be impaired thereby.” This indicates an intention that vacation shall not deprive abutters of rights incident to their ownership.
But if the views above stated are wrong, it is clear that the plaintiff's must fail upon another ground, namely, that Taylors’ title is established by adverse possession.
After Ramsey’s dedication he remained in possession of said addition until the year 1860; and although the city had accepted the grant, by ordinance, it did not, nor did it ever, take possession of said streets, etc. In 1860 Ramsey conveyed his title to all said lots, and his grantees and said Taylors have been in possession thereof ever- since, and, until within two years, kept the same inclosed, used them for pasturage, and treated the same as their own, without objection on the part of the city or of said plaintiffs. No steps were ever taken by plaintiffs, or those under whom they claim, to terminate such use and occupation, or to enforce the trust created by the dedication, or to prevent the ripening of Taylors’ title. They stood by and acquiesced in the open, notorious, continuous, peaceable and exclusive possession of the occupants. And as the statute began to run at least as early as 1860, and continued to run without interruption until this action was brought in 1890, the Taylors have acquired a valid title to said property.
That Taylors began proceedings to vacate said streets is not to be construed as an admission against themselves. It was natural and proper that, in view of the purpose to sell said lots after re-platting, they should seek to get rid of what might be regarded by purchasers as a cloud upon their title.
It follows that plaintiffs have no cause of action, and their petition will be dismissed at their costs ; and the title of Taylors’, heirs to said real estate will be quieted in accordance with the prayer of their cross-petition.
George D. Jones, for plaintiffs, cited:
18 Ohio St. 221, 226 ; 34 Ohio St. 547; 14 Ohio St. 524; Rev. Stat. § § 2652, 2655, 4977, 4978; 19 Ohio St. 238; 35 Ohio St. 289; 13 Ohio St. 42; Elliott on Roads and Streets, 670, 671, 658; 7 Ohio St. 459 ; 7 Ohio St. 217 ; 1 Ohio St. 478; Dillon Munic. Corp. (4th Ed.) secs. 656, 666, 712; Gebhart v. Reeves, 75 Ill. 301; 94 Ill. 26, 34; 1 Am. & Eng. Ency. 225, 227, and note 2, 228, and notes; 6 Waite’s Actions and Def. 436; Wash. Easements, 150; 22 Ohio St. 247; 47 Ohio St. 353; 3 Wash. Real Prop. p. 136; 83 Ohio L. 74; S. & C. 945; 35 Ohio St. 289; Iowa Code, 561; 35 Iowa, 356 ; 4 Kent, (8th Ed.) 372.
Taylor & Taylor, for defendant, cited:
R. R. Co. v. Patch, 28 Kans. 470 ; Day v. Schroeder, 46 Iowa 546; Brubach v. Schweinler, 56 Wis. 386; Elliott on Roads, 670; 35 Iowa, 345: Rev. Stat. 4977; Cincinnati v. First. Pres. Ch. 8 Ohio St. 298; 28 Ohio St. 488; 31 Ohio St. 338.