# THE CITY OF CLEVELAND, BY ETC., *v.* THE PUBLIC LIBRARY BOARD OF THE CITY SCHOOL DISTRICT OF THE CITY OF CLEVELAND ET AL.

*Municipal corporations — Public libraries — Donation or transfer of property — To trustees of library — Section 3711, General Code — Authority of trustees to accept site — Section 3712, General Code — Consideration — Consolidation agreement between Cleveland and Ohio City — Transfer of resultant property — Not violative of trust agreement, when.*

1. A municipal corporation has no authority to donate real or personal property to the trustees of a public library of a school district within which such municipality is situated. (*Wasson et al.* v. *Commissioners,* 49 Ohio St., 622; *Hubbard, Treas.,* v. *Fitzsimmons,* 57 Ohio St., 436, and *The State, ex rel. The Clemmer & Johnson Co.,* v. *Turner, Attorney General,* 93 Ohio St., 379, approved and followed.)

2. Under the provisions of Section 3711, General Code, a municipal corporation may transfer real or personal property, acquired or suitable for municipal purposes, to the trustees of any public library for the school district within which such municipality is situated, for an adequate consideration other than money, upon such lawful terms and conditions as are agreed to between the municipal corporation and the trustees.

3. Section 3712, General Code, authorizes the board of trustees of a public library for a school district within which a municipal corporation is situated, to accept a transfer of real or personal property from such municipal corporation for library purposes, upon such lawful terms and conditions as are agreed to between the municipal corporation and the trustees, and to enter into any contract relating thereto.

4. A transfer by the city of Cleveland of property acquired by it from investment of the trust fund created by article 6 of the consolidation agreement entered into in 1854 between the city of Cleveland and Ohio City, to the public library board of the city school district of the city of Cleveland, to be used exclusively for library purposes, the title to revert to the city when the property is no longer used for such purpose, is not a violation of the trust created by this contract.

(No. 15109 — Decided May 29, 1916.)

ERROR to the Court of Appeals of Cuyahoga county.

On the 13th day of July, 1914, the city council of the city of Cleveland adopted a resolution offering to convey by quitclaim deed to the Public Library Board of the City School District of the City of Cleveland a tract of land occupied by the city hall, which resolution was in part as follows:

"1. For the erection by the Cleveland Public Library Board of a public library building to harmonize in size and architecture to the public buildings already erected, such library building to form a part of the Cleveland so-called group plan of public buildings.

"2. For the reversion of title to the City of Cleveland in the event that the land so to be conveyed and the building to be erected thereupon shall cease to be used for public library purposes.

"3. For the restriction upon the use of the 34 9-12 feet of property lying immediately east of the present city hall, known as the Gas Company property, now owned by the City of Cleveland, to the effect that such 34 9-12 feet shall be kept free from structures so long as the present city hall site shall be used for public library purposes. In the event that the City of Cleveland shall desire to use such 34 9-12 feet of property for street purposes, it shall be expressly stipulated in such deed that the public library board shall pay, as an abutting owner, its proportion of the cost and expense of the construction of such street and permanent improvements therein."

It was further provided in this resolution that it should be stipulated in the deed that the cost and expense of razing the so-called Gas Company building and improving as a public park the land upon which the Gas Company building stood, should be borne by the Cleveland Public Library Board, and the mayor of said city was authorized, upon acceptance in writing by the Cleveland Public Library Board of the terms and conditions above stipulated, to execute a quitclaim deed conveying the old city hall site to the Cleveland Public Library Board.

On the 3d day of October, 1914, the Public Library Board adopted a resolution accepting the offer of the city of Cleveland and pledging the library board to proceed at once to plan and erect upon the land to be conveyed a public library building, at a cost not to exceed $2,000,000.

On the second day of December, 1914, the city of Cleveland by its director of law, John N. Stockwell, filed a petition in the common pleas court against Newton D. Baker, as mayor of the city, the Public Library Board of the City School District of the City of Cleveland and the individual members of that board, asking that the mayor be restrained and enjoined from making this conveyance and that the Public Library Board be restrained and enjoined from accepting the conveyance of land as proposed in the resolution.

To this petition the defendants filed a general demurrer.

On the 28th day of April, 1915, the city of Cleveland filed an amendment to its petition, aver-

ring that the land in question is held in trust for the people living in the territory that comprised the original city of Cleveland, prior to its consolidation in 1854 with Ohio City, as set forth in Article 6 of the consolidation agreement, by the terms of which all railroad stock owned by the city of Cleveland should be and remain the exclusive property of that portion of the territory of such united city as at the time of consolidation constituted the city of Cleveland, and by the terms of which the avails of this stock should be applied to the extinguishment of the liabilities theretofore incurred by the then city of Cleveland by subscriptions to railroad stocks, and the issue of bonds or other liabilities of said city of Cleveland in payment of said subscription, any surplus to be appropriated to the especial benefit of the territory then comprising the city of Cleveland, either by the purchase of public parks therein or in such manner as the majority of the trustees representing such territory should direct.

On the 12th day of May, 1915, Floyd E. Waite filed a cross-petition averring in substance that he is a resident and taxpayer of the city school district of the city of Cleveland; that the money with which the city hall site and adjoining property was purchased was derived from the surplus remaining after the application of the railroad stock mentioned in Article 6 of the consolidation agreement of 1854 between the city of Cleveland and Ohio City; that the city of Cleveland has adopted a group plan of public buildings and that the acceptance of the conveyance from the city by the

Public Library Board of the City School District of the City of Cleveland would require it to erect a public library building on said land to harmonize in size and architecture with the public buildings already erected in the group plan of public buildings; that performance of these conditions by the library board is impossible with the funds available for the purpose; and that said library board cannot lawfully expend any public money in the erection of buildings on land other than land owned by it in fee simple and cannot lawfully expend money in the razing of the adjoining building and the improvement as a public park of the land on which that building now stands.

He further avers that such a building would soon be totally inadequate to serve the needs of the community as a public library; that a change of location would certainly become a matter of necessity in the near future; that in such event the entire investment made by the Public Library Board of the City School District of the City of Cleveland would be forfeited; and that a prospective loss of $2,000,000 invested in the building will be a penalty preventing the Board of Library Trustees from acting in accord with their judgment of what is best for the library.

To this cross-petition the original defendants filed a general demurrer. The common pleas court sustained the demurrer to the petition, to the amendment thereto, and to the cross-petition. Error was prosecuted in the court of appeals of Cuyahoga county, which court affirmed the judgment of the court of common pleas.

This proceeding in error is brought to reverse the judgment of the common pleas court and the judgment of the court of appeals affirming that judgment.

*Mr. W. S. FitzGerald,* director of law, and *Mr. John N. Stockwell,* for plaintiff in error.

*Mr. Ben B. Wickham,* for the Public Library Board, and *Mr. A. A. Cartwright,* for Newton D. Baker, mayor, defendants in error.

*Messrs. Chapman, Howland, Niman & Waite,* for Floyd E. Waite, cross-petitioner in error.

Donahue, J.   It is insisted by counsel for plaintiff in error, and by counsel for the cross-petitioner in error, that this is a gift by the municipal corporation to the Public Library Board of the City School District of the City of Cleveland.

While it is a fact that the city of Cleveland and the City School District of the City of Cleveland are substantially the same in population and territory, yet they are nevertheless separate and distinct political subdivisions.   Therefore the city of Cleveland cannot make a gift to the City School District of the City of Cleveland, notwithstanding such a gift is for the benefit of substantially the same public.   *Wasson et al.* v. *Commissioners,* 49 Ohio St., 622, and *Hubbard, Treas.,* v. *Fitzsimmons,* 57 Ohio St., 436.

If Section 3711, General Code, is to be construed as authorizing a municipal corporation to give property, real or personal, suitable for library

purposes, to the trustees of any public library for the school district within which such municipal corporation is situated, then that section is unconstitutional, for the reasons stated in *Wasson et al.* v. *Commissioners* and *Hubbard, Treas.,* v. *Fitzsimmons, supra;* but in view of the further provision in that section that such transfer shall be "upon such lawful terms and conditions as are agreed to between the municipal corporation and trustees," no such construction can be given it.

On the other hand, if the trustees of the public library are compelled by the terms of this statute to pay the full value of the property in cash, regardless of the conditions agreed to between the municipal corporation and the trustees, then this section would confer no additional authority whatever, for under other statutes of this state a municipal corporation is authorized to sell property for which it no longer has any municipal use and trustees of a public library are authorized to purchase or lease grounds or buildings for library purposes.

The presumption obtains, however, that this statute is constitutional and that it was enacted to serve some public purpose. That purpose undoubtedly is to authorize a municipal corporation to accept in payment for this property valuable considerations other than money, when terms and conditions agreed upon are lawful and of substantial value to the municipal corporation making the transfer, and reasonably adequate compensation for the property so transferred. The facts in this particular case would seem to demonstrate not only

the purpose and intent of the law-making power but also the necessity for such legislation.

It appears by the petition and cross-petition that the city of Cleveland has adopted a group plan of public buildings, all of which shall harmonize in size and architecture. The lot upon which the city hall now stands and the adjacent lot covered by what is known as the old gas company building are within the limits of the territory devoted to this group plan. It is therefore idle to talk of the commercial value of this land and the amount that could be realized from its sale, when it is apparent that, unless the group plan of public buildings is to be abandoned, it cannot be sold for any purpose other than a public building or park.

The erection of a public library building upon one of these lots and the improvement of the adjoining lot for park purposes will be not only of great value to the city in the furtherance of this group plan project, but will save the city a large sum of money in razing these buildings and improving the grounds and maintaining a public park thereon. It would therefore appear that this is not a gift by the city to the library board. On the contrary—in view of the necessity of limiting the use which is to be made of this property to one consistent with the group plan project and the further necessity of providing for the reversion of the title to the city when that use shall be abandoned, and also in view of the fact that the city cannot, without abandoning this group plan of public buildings in furtherance of which large sums of money have already been expended, sell this

ground to a private purchaser for commercial purposes—it is evident that by this arrangement with the public library board the city is obtaining adequate value and that the transaction comes fairly within the provisions of Section 3711, General Code.

It is further averred in the petition and cross-petition that the Public Library Board of the City School District of the City of Cleveland is wholly without authority to accept this conveyance or to expend the public funds under its control in performing the terms and conditions proposed in the resolution of the city council.

Section 3712, General Code, authorizes the trustees of any public library for the school district within which the municipal corporation is situated to accept a transfer of property, real or personal, from a municipal corporation, upon such lawful terms and conditions as are agreed to between the municipal corporation and trustees. It follows, therefore, that unless the terms are unlawful or the conditions inconsistent with the purpose for which the property is acquired, the trustees have authority under the provisions of Section 3712, General Code, to accept the same.

Section 7638, General Code, confers still broader authority upon the library board. It authorizes the board to purchase or lease grounds and buildings, and erect buildings for library purposes. This section is a direct answer to the contention that the library board has no authority to accept a deed for land upon which to erect a library building that contains conditions for the reversion of the title

to the grantor when the property shall cease to be used for library purposes; for, if it may lease or purchase grounds for this purpose, it necessarily follows that it may acquire any estate in land upon which it proposes to erect a library building, from a leasehold to a fee simple title inclusive, and whatever title it acquires is acquired in the name of the library board as required by Section 7637, General Code.

Section 7638, General Code, also vests in the library board the discretion to determine the character of building necessary for its purposes, and this necessarily includes style and architecture. The courts cannot interfere with this discretion, unless it is averred and proven that the board is abusing its discretion or is guilty of fraud in the exercise of that discretion.

The library board should of course take into consideration not only the present but the future requirements of a public library to serve the needs of the public. The petition and cross-petition contain no averments whatever that would negative the presumption that the building to be erected upon this site at an expense of two million dollars will serve the future needs of the public equally as well as a building of that value erected now upon any other site in the city that might be leased or purchased by the library board for that purpose. While the prophecy of counsel in that respect may prove to be true, yet the presumption obtains that the library board has given due consideration to all of these questions.

The fact must not be overlooked that while the city is receiving adequate consideration for the transfer of this property, the library board is also effecting a large economy in securing this desirable site for a library building. Had the board in its discretion determined that it would not erect a building except upon land of which it held an unconditional title, it would perhaps have been compelled to pay a price that would have been practically prohibitive, while under the terms of this contract it will not be required to expend a single dollar in the performance of the conditions imposed that it would not have been required to expend in the erection of a building alone had it in fact purchased and paid in cash for an unconditional fee simple estate in the land upon which the building was to be erected; and, even had it done this, when the time arrived that the building erected would no longer serve the public needs for library purposes, necessarily the abandonment of such property would be attended with a loss probably commensurate with the loss that will be sustained should it become necessary to abandon this building on this site for library purposes, especially in view of the fact that it is not now required to pay the commercial value of a fee simple estate in this land.

This library board, however, is authorized by the provisions of Sections 7637 and 7638, General Code, not only to erect a library building, but library buildings, branches, stations and reading rooms, and even if the prophecy of counsel were to

weigh against the judgment and discretion of the library board there will probably never come a time in the history of the city school district of the city of Cleveland when this building cannot be utilized as one of the library buildings contemplated in Section 7638, General Code, or at least as a branch, station or reading room, either and all of which are contemplated in the term "library purposes." This use of the building either as a library, branch, station or reading room would undoubtedly prevent the reversion of the title. These are matters however for the consideration of the library board.

The statutes of this state clothe that board with full authority to lease or purchase a site and erect a library building thereon. This court has no authority to control its discretion in the determination of these questions and will not attempt to do so. *State, ex rel. The Clemmer & Johnson Co.,* v. *Turner, Attorney General,* 93 Ohio St., 379.

The trust agreement pleaded in the amendment to the petition and in the cross-petition instead of operating to prevent the transfer of this property by the city to the library board would seem to emphasize the necessity of the city making just such an arrangement.

While it is true that the city parts with immediate control of the property, yet it would do this if it executed a mere lease for a term of years, and certainly it is not only permitted but required to make some use of it consistent not only with the group plan of improvement but also with the terms and provisions of the original contract of consol-

idation between Ohio City and the city of Cleveland as it existed in 1854.

Part of this property is to be devoted to park purposes. That is clearly within the contemplation of Article 6 of this trust agreement. The erection of a substantial and handsome public library building upon the residue of this property is equally in furtherance of the trust purposes, for it brings within the very heart of the territory comprised in the city of Cleveland in 1854 not only a valuable public agency for the pleasure and education of its people but also a magnificent public building that will tend to the enhancement of the value of all property in that locality. Certainly this public library will be as advantageous to that territory as the city hall which was formerly located upon this ground. The city does not in fact part with the control of this property. By the terms of its contract it directs and controls the use to which it shall be put, and when that use is abandoned the title reverts to the city.

If the city had conveyed an unconditional fee simple estate in these lands and imposed no limitation upon the uses to which it might be put, then there might be some force in the contention that it had transferred its trusteeship to an entirely different governmental agency having no interest in the trust and no authority to act as trustee. This trust at best is a vague and uncertain one, at least in so far as concerns the application of the trust property to the purposes of the trust. Undoubtedly the trustees are vested with some discretion to determine the manner in which this trust property

shall be used in furtherance of the trust purposes, and we are unable to see that the arrangement contemplated will not serve the trust purposes as effectively as any other use to which the property might be devoted.

The judgment of the court of appeals must be affirmed.

*Judgment affirmed.*

NICHOLS, C. J., JOHNSON, WANAMAKER and NEWMAN, JJ., concur.