CITY OF STEUBENVILLE, EX REL. BLACKBURN ET AL., APPELLEES, *v.*
TARGOSS, MAYOR, ET AL., APPELLEES; BOARD OF EDUCATION OF
THE STEUBENVILLE CITY SCHOOL DISTRICT, APPELLANT.

[Cite as City of Steubenville, ex rel. Blackburn, v. Targoss,
3 Ohio App. 2d 21.]

22

(No. 1144—Decided July 13, 1965.)

*Mr. Robert J. Anglin* and *Mr. William Weinman,* for appellees Frank I. Blackburn and others.

*Mr. Mele Vukelic,* city solicitor, for appellees John W. Targoss, Mayor, and others.

*Mr. Harry B. Chalfant* and *Mr. Robert L. Quinn,* for appellant.

LYNCH, J.   This is an appeal upon questions of law and fact from a judgment of the Court of Common Pleas holding that the City of Steubenville was without authority to convey to the Board of Education of the Steubenville City School District a tract of land which is part of a municipal park located east of Belleview Boulevard.

Plaintiffs-appellees are taxpayers and property owners of Steubenville, and two of them are owners of property abutting on the park property in this case.

On December 17, 1963, the Council of the City of Steubenville passed Ordinance No. 1963-153, pursuant to authority granted by Section 721.02, Revised Code, determining that a tract of 8.26 acres out of land which had been conveyed to the city by La Belleview Land Company was not needed for municipal purposes and that such tract of land should be conveyed to the Board of Education for use as a site for a school building, athletic field and a playground for children.   On March 5, 1964, the City of Steubenville executed and delivered to the Board of Education a deed for this tract of 8.26 acres.   This deed has not been recorded.

This tract of land is part of land conveyed by the La Belle-

view Land Company to the City of Steubenville by a deed in fee simple dated January 19, 1904. The deed provided that the land conveyed was to be used and maintained for park and street purposes exclusively. There were no reverter or forfeiture provisions in the deed.

The La Belleview Land Company had recorded a plat of La Belleview Subdivision on August 23, 1902, which contained the property at issue in this case. This plat had been previously accepted and approved by the Council of the City of Steubenville.

The trial court found for the plaintiffs and held that the 8.26 acre tract is a part of the land deeded and dedicated as a public park; that the City of Steubenville holds this property in fee simple subject, however, to a perpetual trust to use and occupy such premises for the purposes for which it was dedicated and deeded; that the City of Steubenville was without authority to convey such tract of land to the Board of Education; and that the ordinance proposing to authorize the conveyance of such land to the Board of Education was invalid. The City of Steubenville was enjoined and restrained from using or permitting the use of this property for purposes foreign to its use as a park or for purposes not intended by the terms of its dedication.

Section 711.06, Revised Code, provides as follows:

"A proprietor of lots or grounds in a municipal corporation, who subdivides or lays them out for sale, shall make an accurate plat of such subdivision, describing with certainty all grounds laid out or granted for streets, alleys, ways, commons, or other public uses. Lots sold or intended for sale shall be numbered by progressive numbers or described by the squares in which situated, and the precise length and width shall be given of each lot sold or intended for sale. Such plat shall be subscribed by the proprietor, or his agent duly authorized by writing, and acknowledged before an officer authorized to take the acknowledgment of deeds, who shall certify the acknowledgment of the instrument, and such plat shall be recorded in the office of the county recorder."

Section 711.07, Revised Code, provides as follows:

"Upon recording, as required by Section 711.06 of the Revised Code, the plat shall thereupon be a sufficient conveyance to vest in the municipal corporation the fee of the parcel of

land designated or intended for streets, alleys, ways, commons, or other public uses, to be held in the corporate name in trust to and for the uses and purposes set forth in the instrument.''

The provisions of Sections 711.06 and 711.07, Revised Code, were originally enacted in 1831 as Section VI in 2 Swan and Critchfield, Revised Statutes of Ohio, 1483, and were Section 2601, Revised Statutes. With the adoption of the General Code, they were separated, and Section 711.06, Revised Code, was Section 3584, General Code, and Section 711.07, Revised Code, was Section 3585, General Code. Thus, these statutes were in effect in 1902 when the plat of the La Belleview Land Company was recorded.

The first question before this court is a factual one as to how the City of Steubenville obtained title to the property at issue in this case. The answer to this question will not change the ultimate outcome of this case, but it will determine whether the predecessor statutes to Sections 711.06 and 711.07, Revised Code, are applicable to this case.

After a careful examination of the bill of exceptions and exhibits in this case, we find that the City of Steubenville obtained title to the property at issue from the La Belleview Land Company by deed dated January 19, 1904, rather than from the plat of the La Belleview Land Company which was recorded on August 23, 1902.

If the plat of the La Belleview Land Company was a dedication of land for park purposes the fee to such dedicated land would have vested in the City of Steubenville under Section 711.07, Revised Code, and there would have been no need to include such land in the deed dated January 19, 1904.

Approximately fifty percent of the property now at issue appears on such plat as lots and streets. This area was subsequently vacated by the La Belleview Land Company in an action in the Common Pleas Court. Obviously, this area was not dedicated for park purposes by this plat.

There is a vacant area on this plat which includes approximately fifty percent of the property now at issue and which is now part of the municipal park, and at four places on the westerly borders of this vacant area appear the words ''park line.'' There is no such designation on the southern, eastern and northern borders of this vacant area. In the area of the

plat from which lots were subsequently vacated, there is a street designated between the most easterly situated lots and the vacant area, which street has "park line" written at its eastern line. However, there is no indication as to the width of this street or as to the length of the eastern line of this street.

In the subscription signed by the officers of the La Belleview Land Company and on the statement of acceptance by the city officials, no reference of any kind is made to this vacant area or to any use of any part of this plat for park purposes.

The evidence shows that the La Belleview Land Company submitted a proposal to the City of Steubenville on July 22, 1902, which is the same date that the above mentioned plat was approved by the City of Steubenville. Under this proposal the La Belleview Land Company, among other things, agreed to dedicate to the city for park purposes a tract of land adjoining that portion laid out in lots on the plat and lying between such lots and the built up portion of the city, east of what is marked or designated on the plat as "park line," but reserving necessary and sufficient streets or roadways through this area for access to the streets in the plat. This proposal was incorporated in the ordinance passed by the Council of the City of Steubenville accepting this plat. However, a statutory dedication of a park can be effected only by strict compliance with the terms of Section 711.06, Revised Code. *Abraham, Trustee, v. Cincinnati*, 13 O. D. 619.

We find that there is no area on this plat described with accuracy and certainty as an area laid out or granted for park uses, as required by Section 711.06, Revised Code.

This plat also shows a street named "Serpentine Way," which goes through the property at issue, and whose width, according to the plat, was twenty-five feet. Serpentine Way is very descriptive of this street, because it has two curves and a reverse curve in the short distance that it appears on the plat. The plat does not show any directions, distances or courses. The evidence indicates that this roadway has not been used for twenty or thirty years.

We find that Serpentine Way has not been described with sufficient accuracy and certainty on the plat as to effect a dedication under the terms of Section 711.06, Revised Code.

However, even if we found that there was a statutory dedi-

cation of this property for park or street purposes by the recording of the La Belleview Subdivision plat on August 23, 1902, we would have to hold that the City of Steubenville has the authority to deed this property to the Board of Education of the Steubenville City School District, because this issue has already been decided by our Supreme Court in the case of *Babin* v. *City of Ashland* (1953), 160 Ohio St. 328, the pertinent paragraphs of the syllabus of which case are as follows:

"6. The power to convey property owned by a municipal corporation and no longer needed by it for municipal purposes is included within the powers of local self-government conferred by Article XVIII of the Ohio Constitution; and such power may be exercised to sell the land which is located in such municipal corporation and which was set forth and described as 'public ground' on a map or plat of such corporation or a subdivision thereof which was recorded under the Act of 1805. (*Le Clercq et al., Inhabitants of Gallipolis*, v. *Trustees of Gallipolis*, 7 Ohio 217, and the portion of the syllabus in paragraphs numbered one and three of *Board of Education of Van Wert* v. *Inhabitants*, 18 Ohio St., 221, distinguished.)

"7. Where the fee of land is conveyed for a valuable consideration to a public body for a public use or purpose and there is no provision for forfeiture or reversion and such public body is later authorized to sell the land when it determines that it is no longer needed for such use or purpose, neither the grantor nor his heirs will have any enforcible rights on such sale. (The portion of the syllabus in paragraph numbered two of *Board of Education of Van Wert* v. *Inhabitants*, 18 Ohio St., 221, so far as it relates to an instance where the fee has been conveyed, overruled.)

"8. Where a proprietor recorded a plat of a town pursuant to the provisions of the Act of 1805 (22 Ohio Laws, 301) and set forth and described thereon public ground within such town and lots intended for sale and where such proprietor thereafter sold such lots, the conveyance of such public ground by the record of the plat under such act was a conveyance for a valuable consideration."

The syllabus of *Miller* v. *Village of Brookville* (1949), 152 Ohio St. 217, is as follows:

"When a conveyance of land owned in fee simple is made

to and accepted by a municipality in perpetuity for use as a park, and there is no provision for forfeiture or reversion, the entire estate of the grantor is divested, and the title of the municipality thereto is not a determinable fee but a fee simple."

See, also, *In re Matter of Copps Chapel Methodist Episcopal Church* (1929), 120 Ohio St. 309.

Defendant, appellant herein, Board of Education, contends that plaintiffs as taxpayers have no right to bring this action and that even the owners of adjacent and abutting lands have no property rights in the park land owned by the City of Steubenville in fee simple, and therefore cannot maintain an action challenging a change of the use of the property.

We recognize that this contention is arguable in light of the decisions in *Babin* v. *City of Ashland*, 160 Ohio St. 328; *Miller* v. *Village of Brookville*, 152 Ohio St. 217; and *In re Matter of Copps Chapel Methodist Episcopal Church*, 120 Ohio St. 309. These cases establish principles of law that are applicable to the instant case; however, there is a variation in the fact situation in this case. The above mentioned cases involved fact situations where the use to which the land was deeded or dedicated was abandoned or discontinued, and the issue was whether the land could be disposed of with a clear title or whether it reverted back to the original grantors. In this case the plaintiffs contend that the land is still being used as a park, and one of the issues is the right of taxpayers and especially owners of abutting property to compel a continuance of its use as a park.

In the *Babin* v. *City of Ashland case, supra,* the Supreme Court held that Article XVIII of the Ohio Constitution grants a municipal corporation the powers of local self-government, which include the legislative power to determine whether land, which has been conveyed to it in fee simple for a public use or purpose, with no provision for forfeiture or reversion, is no longer needed for municipal purposes, and to dispose of such property where it is done for a public purpose of interest and advantage to the inhabitants of the municipal corporation.

However, in the *Babin* v. *City of Ashland case, supra,* the court recognized that it is the province of courts to determine the validity of municipal ordinances. The court expressed itself as follows on page 348 in its opinion:

"* * * it is arguable that a sale of property, which will necessarily destroy public rights to the use of such property by or for the public, may in some instances be against the public interest, so that the taking of such public rights could not be considered a taking for a public use or purpose. However, with respect to that requirement in the instant case, it is only necessary to determine that the legislative body of the city did not clearly abuse its discretion in determining that the city did not need 'for any municipal purpose' that portion of the 'public ground' which it proposes to sell. * * *"

However, courts should not substitute their judgment for that of the council as to the wisdom of legislation. The courts enter upon such inquiry with a presumption favoring the validity of the ordinance and with the burden devolving upon the one challenging its validity to show that it is clearly unreasonable and arbitrary. Unless there is a clear and palpable abuse of power, a court will not substitute its judgment for legislative discretion. Local authorities are presumed to be familiar with local conditions and to know the needs of the community. *Allion* v. *City of Toledo*, 99 Ohio St. 416; *City of Dayton* v. *S. S. Kresge Co.*, 114 Ohio St. 624, at 629; *State, ex rel. McBride,* v. *Deckebach,* 117 Ohio St. 227, at 235.

The question then presents itself as to who has the right to raise the issue of whether the Council of the City of Steubenville clearly abused its discretion in determining that the land at issue is no longer needed for municipal purposes and in conveying this land to the Board of Education.

We hold that this is a proper taxpayer action. However, the next question that arises is whether Section 733.59, Revised Code, applies.

Section 733.59, Revised Code, provides that if the solicitor fails, upon the written request of any taxpayer of the municipal corporation, to file a lawsuit under Sections 733.56 to 733.58, inclusive, of the Revised Code, such taxpayer may institute suit in his own name, on behalf of the municipal corporation; however, no such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding.

In this case, there is nothing in the record to indicate that plaintiffs-appellees either made a written request to the city solicitor or gave security for the cost of this proceeding. How-

ever, defendant-appellant has not presented this as an issue. Moreover, we do not have to decide whether or not compliance with Section 733.59, Revised Code, was necessary in this case for an ordinary taxpayer, because two of the eleven plaintiffs herein were owners of real estate abutting and adjacent to the municipal park in which the tract of land at issue is located.

It has been held that a property owner who has property rights in a public use that can be distinguished from the rights of the general public and who has been damaged in these property rights by action of a city may institute an action against the city to enjoin such continuing injury to them, without complying with Section 733.59, Revised Code. *Herrick* v. *City of Cleveland*, 7 O. C. C. 470, 4 O. C. D. 684; *Kuhn* v. *City of Cleveland*, 1 O. C. C. (N. S.) 384, 15 O. C. D. 272.

It is generally recognized that owners of property adjacent to or abutting upon a public park have a special interest therein, distinct from that of the general public, which enables them to maintain a suit to enjoin the misuse of the park. The general rule requires injury to the rights of abutting owners as such, distinct from injury common to all the public. *Brown* v. *Manning*, 6 Ohio 298, 27 Am. Dec. 255; *Le Clercq* v. *Trustees of Gallipolis*, 7 Ohio, Pt. I, 217, 28 Am. Dec. 641; 41 Ohio Jurisprudence 2d 427, Parks, Squares, and Playgrounds, Section 18; 39 Amercan Jurisprudence 842-3, Parks, Squares and Playgrounds, Section 48.

In *Louisville & Nashville Rd. Co.* v. *City of Cincinnati*, 76 Ohio St. 481, the court held as follows:

"Public streets, squares, landings and grounds are held in trust for the public, and being so held they are, for the use for which they were dedicated or acquired and subject to the property rights of the abutting owners, under the absolute control of the legislative power of the state. * * *."

In this case, the evidence shows that the developer of the real estate in the general area of this park deeded the land at issue to the City of Steubenville for use as a park; that the presence of this park was an inducement to the purchase of real estate adjacent to and abutting upon this park and to the construction of residences thereon; and that the original prices of the lots adjacent to and abutting upon the park were higher than the prices of comparable lots elsewhere in the development because of the presence of the park,

We hold that the plaintiffs, who were owners of real estate abutting and adjacent to the municipal park in which the tract of land at issue is located, are proper parties to raise the issue as to whether the Council of the City of Steubenville clearly abused its discretion in determining that the land at issue is no longer needed for municipal purposes and in conveying this land to the Board of Education; that they had property rights in the use of this land as a park which can be distinguished from the rights of the general public, and that they do not have to comply with Section 733.59, Revised Code, in order to institute this action.

We can appreciate the interest of the abutting owners in the continuing use of this property as a park; however, after consideration of all the evidence in this case, we cannot say that the Council of the City of Steubenville has clearly abused its discretion in enacting Ordinance number 1963-153.

Plaintiffs-appellees raise the issue of adequacy of compensation for the conveyance of this land from the City of Steubenville to the Board of Education. They introduced testimony that the fair market value of this property is $64,000. They point out that the City of Steubenville and the Board of Education are distinct and separate administrative and taxing bodies and that the territory of the Board of Education is not coextensive with that of the City of Steubenville.

Section 721.02, Revised Code, specifically authorizes a municipal corporation to convey real property, owned by it and not needed for municipal purposes, to the board of education of such municipal corporation, for an athletic field, playground for children or for school sites, upon such terms as are agreed upon between the municipal corporation and the board.

In *City of Cleveland* v. *Public Library Board of the City School District of the City of Cleveland*, 94 Ohio St. 311, the court held that a municipal corporation has no authority to donate real property to the trustees of a public library of a school district within which such municipality is situated, but that a municipal corporation may transfer real property, acquired or suitable for municipal purposes, to the trustees of any public library for the school district within which such municipality is situated, for an adequate consideration other than money, upon such lawful terms and conditions as are agreed to between the municipal corporation and the trustees,

The court found that the promise to erect a public library building upon that property and the improvement of an adjoining lot for park purposes was adequate consideration.

In this case, the City of Steubenville is conveying this property for a public use. In consideration for this conveyance, the Board of Education has committed itself to erect a school building and to make available to the Recreation Department of the City of Steubenville, for part time usage in the city's recreation program, a portion of the improvements and facilities proposed to be erected. Furthermore, at such time as the Board of Education should determine that the buildings and premises known as Roosevelt Elementary School located on Maryland Avenue are no longer needed for school purposes, it will offer this property to the city for one dollar prior to making any disposition thereof.

We hold that the same segment of the public whose public rights in this land as now used as a park are to be taken will receive an adequate consideration for their rights in the new public use as a school, athletic field and playground for children.

Our conclusions are that the City of Steubenville acquired a fee simple title to the property at issue in this case by deed dated January 19, 1904, from the La Belleview Land Company; that the Council of the City of Steubenville had the power to determine that the real estate at issue is not needed for municipal purposes; that its determination that the property at issue is not needed for municipal purposes is not a clear abuse of discretion; that Ordinance Number 1963-153, as amended, was a valid exercise of the legislative power of the City of Steubenville and is a valid Ordinance of the City of Steubenville; that the deed executed and delivered by the City of Steubenville to the Board of Education of the Steubenville City School District for the tract of 8.26 acres of land pursuant to Ordinance Number 1963-153 is a valid deed; and that the Board of Education has good legal title to the real estate described in said deed, for the uses and purposes therein described.

Judgment is rendered for defendant-appellant in accordance with this opinion.

*Judgment accordingly.*

Johnson, P. J., concurs.
Jones, J., concurs in conclusion.