JOURNAL ENTRY AND OPINION
{¶ 1} In a quiet title action, defendant-appellant, the City of Parma (Parma), appeals the trial court's decision denying the city's motion for summary judgment and granting a motion for summary judgment in favor of plaintiffs-appellees, Michael and Margaret Dolan (Dolans). The parcel of real property in question is known as "Block D" of the K F Builders, Inc. Northern Ohio Subdivision I in Parma, Ohio. This parcel was foreclosed upon for delinquent land taxes in June of 1992 and offered at sale in August of 1993. It did not sell at the sheriff's sale.
 {¶ 2} The parcel was later bought by Faissal Barrak (seller) for $550.00, who received title by an Auditor's deed (forfeited land sale) in July 1994. Seller then sold the unimproved property to Dolan in September of 1999.
 {¶ 3} Parma blocked Dolan from using the land because it claimed that the land had been dedicated to it as a park in 1968. As evidence of this dedication, in its opposition to the Dolan's motion for summary judgment, Parma attached two pages of minutes, Ex. 4, with the date "9-10-68" handwritten at the top of a typed page from a meeting of the Parma Planning Commission addressing this subdivision. The minutes in this exhibit are not certified. The minutes state, "[p]resented by Mr. Chuck McKinney for final approval. These plans were amended to meet our requirements and they have provided the secondary access to the north and Block "D" for recreational purposes." This motion, "[t]o grant finalapproval to Northern Ohio Subdivision No. 1 as presented" was carried unanimously. (Emphasis added.) In its own motion for summary judgment, Parma again attached a copy of the same minutes (Ex. E). This time the document has "9-10-6" written in the lower bottom, the last number of the year not being visible. Attached to the document is an affidavit certifying the minutes for the year 1986.
 {¶ 4} Parma claims that these minutes, coupled with Parma Ordinance No. 220-76 accepting dedication of the land as a park, prove that the parcel of land was dedicated to the city and title vested in the city when the plat was recorded. Parma's answer, paragraph 9. The Dolans claim that KF Builders did not own the property in 1968 when the city accepted the plat. Parma did not respond to this claim in their pleadings either in this court or in the lower court. Nor did Parma dispute the fact that the plat was not filed at the time the city accepted it.
 {¶ 5} Neither the ordinance nor the actual plat which was recorded reflects that Block D was dedicated to the city. The ordinance states in pertinent part: "[d]edication to public use of that portion of Pleasant Lake Boulevard, Parkside Drive and Arbor Drive, as shown shaded inYellow [sic] on said Plat, is hereby accepted and confirmed." Parma Ordinance 220-76, Section I. (Emphasis added.) Similarly, the plat states: "This plat approved and the dedication of Pleasant Lake Boulevard, Parkside Drive and Arbor Drive, shown herein in yellowshading is hereby accepted by the Council of the City of Parma, Ohio by Ordinance No. 280-76 [sic] adopted this 3 day [sic] of January 1997." Emphasis added. Block D is not shaded in yellow on the plat. Further, neither document reflects KF's intentions regarding Block D.
 {¶ 6} Parma states three assignments of error, the first of which is dispositive of the case:
 {¶ 7} "I. The weight of the evidence presented showed a valid statutory dedication, [sic] as such the trial court erred in granting plaintiffs' motion for summary judgment."
 {¶ 8} Parma claims that because its city ordinances in 1968 required that any developer of a subdivision dedicate 5% of the land being developed to the city as a park, and because the city accepted the dedication of Block D at a council meeting in 1968, that Block D is city property which was properly dedicated to it per statute.
 {¶ 9} "A dedication is a voluntary and intentional gift or donation of land, or of an easement or interest therein for some public use, made by the owner of the land, and accepted for such use, by or on behalf of the public. (Citations omitted.)" The courts have recognized two ways that land can be dedicated to a city. "Land may be dedicated to public uses * * * by conforming to the statutory requirements, or in accordance with the rules of the common law. Either method is equally efficacious." Mastera v. Alliance (1987), 43 Ohio App.3d 120-121, quotingBecker v. Cox (June 10, 1985), Butler App. No. CA84-04-044, at 6-7. Pundv. Walton Hills, (March 7, 2002) Cuyahoga App. No. 78975.
 {¶ 10} The statutes controlling the dedication of property are R.C. 711.06 and 711.07. R.C. 711.06 states: "A proprietor of lots or grounds in a municipal corporation, who subdivides or lays them out for sale, shall make an accurate plat of such subdivision, describing with certainty all grounds laid out or granted for streets, alleys, ways, commons, or other public uses. * * * Lots sold or intended for sale shall be numbered by progressive numbers or described by the squares in which situated, and the precise length and width shall be given of each lot sold or intended for sale. Such plat shall be subscribed by the proprietor, or his agent duly authorized by writing, and acknowledged before an officer authorized to take acknowledgment of deeds, who shall certify the acknowledgment of the instrument, and such plat shall be recorded in the office of the county recorder." R.C. 711.06.
 {¶ 11} Once the plat is properly filed, authorized, certified, and recorded at the county recorder's office, no deed need be recorded: "Upon recording, as required by section 711.06 of the Revised Code, the plat shall thereupon be a sufficient conveyance to vest in the municipal corporation the fee of the parcel of land designated or intended forstreets, alleys, ways, commons or other public uses, to be held in the corporate name in trust to and for the uses and purposes set forth in the instrument." R.C. 711.07, emphasis added. A deed is not necessary for property to vest in the city: "Pursuant to R.C. 711.07, when a plat approved by a municipal corporation is recorded in the office of the county recorder, the fee of the land designated in the plat for public use vests in the municipal corporation." Eggert v. Puleo (1993),67 Ohio St.3d 78, syllabus paragraph one.
 {¶ 12} Because no deed is necessary, the primary question is, was the parcel of land properly dedicated to the city via a plat recording precluding its subsequent sale? Parma claims title to this land pursuant to statutory dedication. "To show a statutory dedication it is necessary to prove that the land was conveyed to the public * * * by deed or plat duly recorded and accepted by the proper authorities * * *. A failure to comply with the steps made necessary by the statute in any essential particular would show that there was no statutory dedication." Oberhelmanv. Allen (1915), 7 Ohio App. 251, 254-255.
 {¶ 13} As noted above, the statutory requirements for dedication of land are found in R.C. 711.06 and 711.07. R.C. 711.06 requires that any lands intended by the proprietor for dedication to public use must be described "with certainty." Included in that certainty is some legal recording of dedication.
 {¶ 14} In the case at bar, however, no public record exists showing any dedication of Block D to the city. The only evidence Parma can point to supporting the alleged dedication is the 1968 approval of the plat by the planning commission, and the minutes of that 1968 meeting have a flawed certification. No evidence is found on the plat or in the ordinance showing that the city actually accepted the land. This acceptance of the land is a prerequisite to completion of a dedication of land.
 {¶ 15} The Ohio Supreme Court has noted that "the concepts of `approval' and `acceptance' have very specific, and very different meanings in the platting statutes. Along with the platting, the approval and the acceptance probably constitute the three most important events which must occur" before a dedication is completed. Eggert v. Puleo
(1993), 67 Ohio St.3d 78, 85. In the case at bar, although the cityapproved the dedication of Block D as a park, the city never actuallyaccepted it, as is reflected by the absence of any mention of Block D in the ordinance or on the plat.
 {¶ 16} This absence of the city accepting Block D prevents Parma's claims even under its own city ordinances. Parma City Ordinance 1103.02(a) states that "[i]f * * * the subdivider proceeds with a proposal to dedicate any lands * * * he shall" document them in a plat according to certain specifications. Further, the ordinance requires that "[a]ll streets and areas requiring future acceptance or dedication shall be shown in yellow shade or outline * * *."[1] Block D is not highlighted or outlined in yellow on the original plat. The plat does not show a dedication of Block D to the city, even under Parma's own requirements.
 {¶ 17} Therefore, although Parma City Ordinance 1103.10 requires that any developer planning to subdivide property (with certain exceptions) donate 5% of the proposed development for park land, the city failed to enforce this requirement when it accepted and filed the plat for this subdivision without the dedication of Block D to the city for a park.
 {¶ 18} Parma argues that because Block D is not numbered for sale and because the 1968 minutes reflect an intention on the part of the original owner and the city to dedicate the land for a park, the statutory requirements are fulfilled. This argument fails because the plat on record for this subdevelopment does not state with certainty that Block D was meant to be dedicated to the city for a park. "A statutory dedication of a park can be effected only by strict compliance with the terms of Section 711.06, Revised Code." Steubenville v. Bd. of Educ.
(1965), 3 Ohio App.2d 21, syllabus paragraph one. As in Steubenville, "[w]e find that there is no area on this plat described with accuracy and certainty as an area laid out or granted for park uses, as required in Section 711.06, Revised Code." Id. at 25.
 {¶ 19} Parma gives great weight to the fact that Block D was not numbered for sale on the plat as the other parcels were. It cites RobertThompson v. Columbus (1919), 30 Ohio Dec. 196. In Thompson, the plat recorded did contain a statement which accepted the dedication of a park, but the word "park" was written on the block of land designated on the map of the property and the plat indicated that the remaining lots were for sale. The court held that the subdivision's owners sufficiently indicated their intent. In the case at bar, in contrast, the word "park" does not appear anywhere on the plat. Because the City of Parma did not provide any evidence of KF Builder's intent concerning Block D and failed to properly accept the dedication of Block D as a park, its claim on Block D must fail.
 {¶ 20} Neither can a case be made showing a dedication of the park under common law. "A common-law dedication can be proven upon the showing of the following three elements: (1) the existence of an intention on the part of the owner to make such dedication; (2) an actual offer on the part of the owner, evidenced by some unequivocal act, to make such dedication; and (3) the acceptance of such offer by or on behalf of the public." Pund at 5.
 {¶ 21} Parma's failure to prove KF's intentions regarding Block D prevents the land from vesting under a common-law dedication. "[A] common-law dedication can be proven only by showing an intention to dedicate on the part of the owner, an actual offer evidenced by an unequivocal act to make a dedication on the part of the owner, and acceptance of such an offer by or on behalf of the public." City ofLebanon v. Stubbs, (Nov. 20, 1995) Warren App. Nos. CA95-01-008 
CA95-03-027, citing Neely v. Green (1991), 73 Ohio App.3d 167, 170; see also Vermilion v. Dickason (1976), 53 Ohio App.2d 138. Further, an "owner's intention to dedicate property to public use * * * must be established by clear evidence." Mentor Lagoons v. Wyant (1957),166 Ohio St. 169, 171.
 {¶ 22} Parma has even failed to prove that KF Builders were the owners of the property when the city approved the dedication of Block D. In its second motion for summary judgment, Dolan claims that KF Builders did not own this plat of land in 1968 when the city council moved to accept Block D as a park. In their response to Dolan's motion, Parma does not deny this assertion. Rather, Parma merely states that because the planning commission approved and adopted the plat in 1968, its subsequent recording in 1977 by KF Builders is sufficient to complete the dedication of this land to the city. Parma provides no evidence, however, to show that KF's intentions regarding Block D were the same as the previous owner's. Without proof on the plat that KF intended to dedicate Block D to the city, Parma's claims on the land fail. See Cityof Lebanon, supra, at *4 ("The plat * * * evidence[s] no intent or actual offer on the part of [owner] to dedicate [the plot] to public use.")
 {¶ 23} The City of Parma has failed to prove that Block D was dedicated to it as a park, either by statutory or common law dedication. Thus the trial court properly granted summary judgment to Dolan as owner of the property. Accordingly, the first assignment of error is overruled.
 {¶ 24} Parma's second and third assignments of error state:
 {¶ 25} "II. The sale of block "D" by the State of Ohio was invalid and therefore title could not pass to any subsequent purchaser, [sic] as such the trial court erred in granting plaintiffs' motion for summary judgment.
 {¶ 26} "III. The trial court erred in denying the City of Parma's motion for summary judgment as there were no issues of material fact and the city was entitled to judgment as a matter of law."
 {¶ 27} Parma argues that because it was the rightful owner of Block D, it could not be sold at a foreclosure sale. We have already found that Dolan, not Parma, is the rightful owner of the land. Therefore, both these assignments of error are moot.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and JAMES J. SWEENEY, J., CONCUR.
[1] The ordinance also states in Section (b) that the final copy of the plan must be filed ten days prior to the final hearing and that each of certain city officials "shall carefully examine the proposed dedication and make his report to the Commission prior to its final determination on the proposed dedication." Finally, section (d) states that "[a]fter official approval by the Commission, the City shall cause the Final Plan to be recorded." Parma makes no reference to any final hearing on the plat or to any examination of the plat after 1968.