BERGER ET AL., APPELLEES, *v.* THE VAN SWERINGEN CO. ET AL.,
APPELLANTS.

(No. 39180—Decided April 20, 1966.)

102

*Messrs. Walter & Haverfield* and *Mr. Jules Eshner*, for appellees.

*Messrs. Metzenbaum, Gaines, Schwartz, Krupansky, Finley & Stern, Mr. Roland A. Baskin* and *Mr. Samuel T. Gaines*, for appellants.

O'NEILL, J. The first question to be determined is whether plaintiffs are entitled to enforce the restrictive covenants covering defendants' land against the defendants.

It is defendants' contention that only owners of property within a subdivision or allotment may enforce such covenants against other owners within the same subdivision or allotment, and that, since defendants' land has never been subdivided, plaintiffs are not within the same subdivision and are, therefore, not entitled to enforce such covenants.

This question has not previously arisen before this court. There is language in cases from other jurisdictions which would tend to support defendants' position. See, *e. g., Edwards* v. *Surratt*, 228 S. C. 512, 90 S. E. 2d 906. However, from a reading of the cases, it appears that the answer to this question lies not in the ascertainment of artificial and arbitrary lines drawn upon a plat book but in the determination of the intention of the parties to be gained from the language of the instrument and the surrounding circumstances. The question to be asked is: For whose benefit was the restriction imposed? See *Gammons* v. *Kennett Park Development Corp.*, 30 Del. Ch. 525, 61 A. 2d 391; *Russell Realty Co.* v. *Hall* (Tex Civ. App.), 233 S. W. 996. And see annotation, 89 A. L. R. 812.

If the restrictive covenant was enacted for the benefit of the one seeking to enforce it, he may do so, but the burden is upon him to show that such covenant restricting the use of the lands of another was intended to be for his benefit, and that he has an equitable interest in the other person's adherence to the covenant. *Missouri Province Educational Institute* v. *Schlect*, 322 Mo. 621, 15 S. W. 2d 770; *Osius* v. *Barton*, 109 Fla. 556, 147 So. 862.

If land is developed according to a uniform general plan and the intent so to develop such land is shown, reasonable restrictive covenants may be enforced. However, enforcement does not depend upon the existence of a uniform general plan. This is merely one of the circumstances to which the court must look in determining the intent of the parties. *Taylor* v. *Melton*, 130 Colo. 280, 274 P. 2d 977; *Coomes* v. *Aero Theater and Shopping Center, Inc.*, 207 Md. 432, 114 A. 2d 631.

In the instant case, plaintiffs, while they are not within an allotment or subdivision in which defendants' property lies, are adjacent property owners and as such will be affected by the shopping center proposed by defendants. Restrictions were imposed upon at least a part of defendants' land by the same instruments imposing restrictions upon the lands of several of the plaintiffs.

Likewise, an intent that the surrounding property owners are to be the beneficiaries of such restrictions is shown by the following paragraph from the instruments imposing restrictions. While there are slight variations among such instruments they are not here material. Paragraph 18 of those instruments provides:

"The herein enumerated restrictions, rights, reservations, limitations, agreements, covenants and conditions shall be deemed as covenants and not as conditions hereof, and shall run with the land, and shall bind the owner until the first day of May, 2026, in any event, and continuously thereafter, unless and until any proposed change shall have been approved in writing by *the owners of the legal title to all the land on both sides of the highway within the block in which is located the property*, the use of which is sought to be altered by said proposed change." (Emphasis added.)

At least some of the plaintiffs own land across the highway from this parcel within the block in which a portion of this parcel is located.

In the above-quoted paragraph it is to be noted that the owner is absolutely bound by the covenants until 2026 and, after that time, may secure a release of those covenants only by obtaining the consent of surrounding property owners. The fact that such property owners are given eventual control over such change of use indicates that they were intended to bene-

fit from the covenants restricting the use of defendants' property.

The factual question whether the restrictive covenants in question are part of a uniform plan of development and were imposed with the intention of benefiting plaintiffs was determined by the courts below in favor of plaintiffs, and there is sufficient evidence to support such finding. It is the opinion of this court that the plaintiffs are proper persons to bring this action.

The next question to be decided is whether the courts below erred in finding that the company's release of restrictions covering the 80-acre parcel was illegal and void and in conflict with its obligations to plaintiffs.

The several instruments imposing restrictions upon defendants' property provide for certain conditions under which the Van Sweringen Company may release restrictions upon property which it has sold.

Paragraph 17 of the instruments imposing restrictions provides, with minor variations among the several instruments, as follows:

"The Van Sweringen Company reserves the right to waive, change or cancel any and all of the restrictions contained in this instrument or in any other instrument given by the Van Sweringen Company in respect to lots or parcels within the Van Sweringen Company's subdivisions, or elsewhere *if, in its judgment, the development or lack of development warrants the same or if, in its judgment, the ends or purposes of said subdivisions would be better* served * * *." (Emphasis added.)

Paragraph 17 gives the company the right to waive, change or cancel the restrictions only if the above conditions are met. This paragraph places great power in the hands of the company to control the development of property previously sold by it, and such control continues today even though the company no longer has any property to develop. The company has discretion to act, but it must not abuse that discretion and must exercise its sound judgment in determining that restrictions should be waived, changed or cancelled. *Dixon* v. *Van Sweringen Co.*, 121 Ohio St. 56, 69.

The trial court found that the company had acted in con-

flict with its obligations to plaintiffs, and that its actions were *ultra vires.* The court said:

"To now permit the Van Sweringen Company through its trustees to negate the bond made with these purchasers in order to permit more recent purchasers to build and operate any type of commercial establishment, even though such an installation might benefit other persons many blocks away taxwise, must certainly 'shock the conscience of the chancellor' to such an extent that it cannot be allowed."

The Court of Appeals found that the conclusion reached by the directors, that a waiver of restrictions was warranted by the lack of development of such property, was unjustified on the basis of the evidence presented to the court. The court stated:

"From the evidence and the findings above expressed, we conclude and therefore hold that to permit the building of the proposed regional shopping center on the subject tract without the written consent of the property owners in the immediate area and over their objections would be improper.

"To permit at this time The Van Sweringen Company, which no longer owns any property in the subdivisions, through its trustees and directors, to set aside the covenants and agreements made with these property owners in order to permit more recent purchasers to build and operate any type of commercial establishment, even though such installation might benefit other persons many blocks away, and particularly their convenience, cannot be allowed.

"It appears further that the record presented does not justify the conclusion that the development or lack thereof warrants a change in the restrictions involved."

The Court of Appeals further stated:

"We are met with what we believe to be the vital question. Is there anything shown by the record that this tract cannot be developed according to the original intention of the purchasers of these valuabe homes and The Van Sweringen Company in keeping with the relationship formed contractually between these parties, who in good faith sold and acquired these properties over the years? In answer to the question posed, it must be said that the record does not. But on the contrary,

there is credible evidence in the record which shows that now, since the Hilltop sewer project has been completed, this parcel can, in a reasonably short time, be developed with single-family residences comparable to those that presently surround this area.''

There is sufficient evidence in the record to support such findings.

The obvious purpose of paragraph 17 was to provide a means whereby one who bought property in good faith could escape the burden of the restrictions if it was found to be impossible to continue the development as planned, and still provide protection for the property of surrounding owners who had bought on the strength of the restrictions.

As this court stated in *Wallace* v. *Clifton Land Co.*, 92 Ohio St. 349, 359:

''These restrictions were not imposed for the benefit of the original proprietor, further than the fact that the general and uniform plan of restricting the allotment to resident purposes might contribute to a readier sale of the lots. *The real purpose of the restrictions was to guarantee to the purchasers a quiet residence locality * * *. The great majority of these purchasers undoubtedly bought with this idea in view.* Their grantor kept faith and imposed like restrictions upon all the lots in this allotment that were similarly located. * * *'' (Emphasis added.)

That statement was approved in *Dixon* v. *Van Sweringen Co.*, *supra*, at page 61, where the same company that is a defendant here was asserting its interest in the enforcement rather than the waiver of its restrictions.

As to defendants Levin and Visconsi, the trial court and the Court of Appeals found that they acquired their lands with notice of, and therefore subject to, the restrictions imposed by the Van Sweringen Company. The court said:

''The evidence clearly demonstrates that the defendant owners were fully aware of the restrictions before they acquired these tracts, and we therefore conclude and hold that they took title thereto with both actual as well as constructive notice. If there was any doubt about this question, the record discloses that within 13 days of the acquisition of the parcel by Mr. Levin steps were taken to bring about a change in the restrictions to

allow a commercial development. This, we believe, removes any doubt about it.''

While not strictly applicable to the facts of this case, the following quotation from *Wallace* v. *Clifton Land Co., supra*, at page 360, indicates the attitude of the court regarding the attempted avoidance of restrictions to which property was subject at the time of purchase:

''* * * The purchaser who bought with the intent or purpose of disregarding the restrictions and devoting the property purchased by him to any purpose that might suit his whim or his business needs, regardless of the restrictions written in his deed, has no standing in a court of equity.''

It is provided by paragraph 18 of the instruments imposing restrictions that such restrictions are covenants running with the land. The owner of such land, in the absence of a proper exercise of discretion by the Van Sweringen Company to relieve the owner of a hardship or to provide a means whereby he may use his property otherwise than in conformity with the restrictions without injuring the rights of surrounding property owners, is bound absolutely by such restrictions until 2026 and may be relieved thereafter only upon obtaining the consent of surrounding property owners. See *Brown* v. *Huber*, 80 Ohio St. 183.

Under the terms of the restrictions, the defendants' right to use their property otherwise than in conformity with the restrictions imposed upon such property, on the facts of this case, is dependent upon the ability of the Van Sweringen Company to release such restrictions. Since it has properly been determined that the present circumstances are not such that the company may validly release the restrictions upon this 80-acre tract, such release constituted an abuse of discretion and defendants Levin and Visconsi are precluded from using their property for any purpose not in conformity with such restrictions.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.