**THREE BILLS, INC. et al., Appellants,**

v.

**CITY OF PARMA et al., Appellees.**

[Cite as *Three Bills, Inc. v. Parma* (1996), 111 Ohio App.3d 740.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69235.

Decided June 17, 1996.

*Donald H. Powers,* for appellants.

*William D. Mason,* Chief City Prosecutor, for appellee city of Parma.

*Michael B. Hendler,* for appellee Winston Broadcasting Network, Inc.

---

PATRICIA ANN BLACKMON, Judge.

Plaintiffs-appellants, Three Bills, Inc. and William I. Hoislbauer, Jr., appeal from summary judgment granted in favor of defendants-appellees, city of Parma and Winston Broadcasting Network, Inc., d.b.a. WBNX, and assign the following errors for our review:

"I.   The trial court erred in granting defendant, Winston Broadcasting Network, Inc.'s motion for summary judgment against plaintiffs, Three Bills, Inc. and William I. Hoislbauer, Jr. on Count I of plaintiffs' complaint.

"II.   The trial court erred in granting defendant, city of Parma's motion for summary judgment against plaintiffs, Three Bills, Inc. and William I. Hoislbauer, Jr. on Counts I and II of plaintiffs' complaint.

"III.   The trial court erred in denying plaintiffs, Three Bills, Inc. and William I. Hoislbauer, Jr.'s, motion for summary judgment against defendants, city of Parma and Winston Broadcasting Network, Inc., and dismissing their complaint with prejudice."

Having reviewed the record of the proceedings and the legal arguments presented by the parties, we affirm the decision of the trial court.   The apposite facts follow.

In 1979, Three Bills, Inc. was developing a subdivision on the west side of Broadview Road in the city of Parma. Parma Codified Ordinances Section 1103.11 required developers to deed a portion of land, five percent of the development, to the city for park and recreation uses before development will be allowed. The purpose of the ordinance was, "[i]n the interests of public safety, health and welfare, to provide proper open spaces for circulation of light and air and to avoid future congestion of population detrimental to the public safety, health and welfare * * *."

At the time, the Hoislbauer family owned all of the shares of Three Bills, Inc. In order to comply with the ordinance, William Hoislbauer, Sr. asked Mary Hoislbauer and Lillian Puchhas to convey to the city thirty-two acres of land adjacent to the proposed development. Mary Hoislbauer was compensated for her conveyance because she was the wife of William Hoislbauer, Sr. and had an interest in the company. William I. Hoislbauer, Jr. testified during deposition that Lillian Puchhas was paid a total of $32,000 for her interest in the property, but subsequently recanted this testimony in a deposition. William Hoislbauer, Jr. was the sole heir of his mother, Mary Hoislbauer, and he and his wife subsequently became the sole shareholders of Three Bills, Inc. The deeds expressly stated that they were conveyed to Parma "for parks and green area purposes." The city accepted the deeds and adopted a city ordinance to that effect. The deeds were then properly filed with the Cuyahoga County Recorder.

In 1990, the city of Parma offered a portion of the property for lease and ran public advertisements to attract a lessee. They accepted a bid from Winston Broadcasting Network, Inc., and Parma and Winston Broadcasting entered into a lease at a rate of $35,000 for a period of twenty-five years, renewable for two additional twenty-five year periods. Winston Broadcasting applied for and was granted a building permit to erect a tower on the property. Winston Broadcasting then erected a communications tower, service road, and maintenance building on the property at an expense in excess of one million dollars. The total ground area affected by the tower, service road and maintenance building was approximately one half of one acre out of the thirty-two acres. The funds received by the city of Parma from the lease were deposited into a special fund to be used solely for parks and recreation.

In 1992, Three Bills, Inc., William I. Hoislbauer, Jr., and Lillian Puchhas filed an action against the city of Parma and Winston Broadcasting Network. The first count of the complaint sought to enforce the terms of the conveyances of land through injunctive and declaratory relief to restore the property to its previous condition and prohibit its use for commercial purposes. The second count of the complaint alleged fraud or false pretenses and sought compensatory damages.

After discovery was completed, the parties filed cross-motions for summary judgment. Lillian Puchhas died, a suggestion of death was filed, and all claims filed on her behalf were dismissed. Three Bills and William I. Hoislbauer, Jr.'s motion for summary judgment was denied. Parma and Winston Broadcasting Network's motion for summary judgment was granted, and this appeal followed.

The standard of review for an appeal from summary judgment is plenary. This court applies the same test as the trial court, which is set forth in Civ.R. 56, and we evaluate the record according to Civ.R. 56. Civ.R. 56 specifically provides that before summary judgment may be granted it must be determined that: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Moreover, it is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. Doubts must be resolved in favor of the nonmovant. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 359, 604 N.E.2d 138, 140. Under Civ.R. 56(E) "a nonmovant may not rest upon the mere allegations or denials of his pleadings but must set forth specific facts showing there is a genuine issue for trial." *Chaney v. Clark Cty. Agricultural Soc.* (1993), 90 Ohio App.3d 421, 424, 629 N.E.2d 513, 515.

The threshold question in this appeal is whether Three Bills, Inc. and William I. Hoislbauer, Jr. had standing to challenge Parma's lease of the land conveyed to it by Mary Hoislbauer and Lillian Puchhas. Three Bills and Hoislbauer argue that they had standing and presented three different theories in support of their argument: dedication of the property to Parma, the creation of a trust, and a taxpayer action to enforce a restrictive covenant.

Three Bills and Hoislbauer assert that the property was dedicated and that they have standing to bring an action to enjoin the wrongful conversion from the dedicated use. " 'A dedication is a voluntary and intentional gift or donation of land, or of an easement or interest therein for some public use, made by the owner of the land, and accepted for such use, by or on behalf of the public.' " *Neeley v. Green* (1991), 73 Ohio App.3d 167, 170, 596 N.E.2d 1052, 1054, quoting *Becker v. Cox* (June 10, 1985), Butler App. No. CA84–04–044, unreported, 1985

WL 8688. See, also, *Sedlak v. Solon* (May 18, 1995), Cuyahoga App. No. 67727, unreported. In its most fundamental sense, a dedication involves a gift of land. A "gift" has been defined as "A voluntary transfer of property to another made gratuitously and without consideration." Black's Law Dictionary (6 Ed.1990) 688.

In this case, the conveyance of land by Mary Hoislbauer and Lillian Puchhas to Parma was not a gift. The land conveyed to Parma was consideration for Parma's approving a residential development for which Three Bills was the developer. Because the land in question was conveyed for valid consideration and not a gift, there was no dedication. Therefore, Three Bills and Hoislbauer do not have standing to enjoin the use of the property under the theory that it was dedicated.

Three Bills and Hoislbauer suggest that the conveyance of the land created a charitable trust and rely upon the authority of *Ohio Soc. for Crippled Children & Adults v. McElroy* (1963), 175 Ohio St. 49, 23 O.O.2d 348, 191 N.E.2d 543. In that case, the Supreme Court of Ohio recognized that members of the public, as beneficiaries of charitable trusts, have special interests which give them the right to compel use of the trust for trust purposes. *Id.* at 54, 23 O.O.2d at 351, 191 N.E.2d at 547. However, in the absence of a special provision in the trust instrument, "neither the settlor nor his successors by will or intestacy may sue to enforce or to obtain a construction of a charitable trust." Bogert, Law of Trusts (5 Ed.1973) 560, Section 156. Thus, an action to enforce cannot be maintained " 'by persons who have no special interest or by the settlor or his heirs, personal representatives or next of kin.' " *Brown v. Battelle Mem. Inst.* (Dec. 28, 1973), Franklin App. No. 73AP–233, unreported, quoting 2 Restatement of the Law 2d, Trusts (1959) 278, Section 391.

Assuming without deciding that a trust was created in this case, Mary Hoislbauer and Lillian Puchhas conveyed the property which created a trust. A settlor within the meaning of the law of trusts is the person who creates the trust. Thus, for the purposes of this case, Mary Hoislbauer and Pucchas were the settlors of a charitable trust. William I. Hoislbauer, Jr. was the sole heir of the estate of Mary Hoislbauer. Because Mary Hoislbauer, as a settlor of a charitable trust, would lack standing to enforce the construction of the trust, William I. Hoislbauer, Jr. as an heir, also lacked standing.

Finally, William I. Hoislbauer, Jr. and Three Bills assert that Three Bills is an owner of property in the city of Parma adjacent to the property in question. The public, inasmuch as they are beneficiaries of charitable trusts, have a right to enforce their construction. *McElroy,* 175 Ohio St. at 54, 23 O.O.2d at 351, 191 N.E.2d at 547. In the same respect, adjacent property owners have a special interest, inasmuch as they are beneficiaries of restrictive cove-.

nants, which enables them to maintain an action to enjoin misuse of public lands. *Steubenville ex rel. Blackburn v. Targoss* (1965), 3 Ohio App.2d 21, 29, 32 O.O.2d 100, 104–105, 209 N.E.2d 486, 492–493. See, also, *Berger v. Van Sweringen Co.* (1966), 6 Ohio St.2d 100, 35 O.O.2d 127, 216 N.E.2d 54.

Nonetheless, Three Bills did not produce any evidence in the record proving that it owned property in Parma, adjacent to the land in question or otherwise, nor did it even allege in the complaint that it owned property in Parma. Furthermore, the claims in their complaint were premised solely upon the fact that the land was conveyed by Mary Hoislbauer and Lillian Pucchas on behalf of Three Bills; nowhere in their pleadings do they claim to be beneficiaries of the land conveyed for public use. While Hoislbauer and Three Bills argue that they had standing as property owners and taxpayers in Parma, they concede that there was no evidence of Three Bills' ownership of property in Parma. Accordingly, Three Bills lacks standing to enforce the construction of a charitable trust and to enforce the terms of a restrictive covenant.

Because Three Bills and William I. Hoislbauer, Jr. failed to produce evidence of a special interest in the land conveyed by Mary Hoislbauer and Lillian Puchhas to Parma, this court finds that they lacked standing to maintain an action to enforce the provision of the conveyances which expressly restricts the property to "parks and green area purposes." Accordingly, this court further finds, the trial court properly granted summary judgment in favor of Parma and Winston Broadcasting Network on Count I of the Three Bills and Hoislbauer's action to enforce the restrictive covenant in the deed.

Having found that Three Bills and Hoislbauer lacked standing to pursue a claim to enforce the restrictive covenant of the deed, we find that the other arguments pertaining to the enforcement of the covenant are moot. App.R. 12(A)(1)(c).

Three Bills and William I. Hoislbauer, Jr. assigned error to the summary judgment granted in favor of Parma and Winston Broadcasting Network on Count II of their complaint, which alleged fraud. Although the issue was assigned as error, it was never briefed. Accordingly, this argument is also moot. App.R. 12(A)(2).

*Judgment affirmed.*

PORTER and O'DONNELL, JJ., concur.