**WEBER, Appellant,**

v.

**VILLAGE OF GATES MILLS et al., Appellees.**

[Cite as *Weber v. Gates Mills* (2000), 139 Ohio App.3d 592.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76867.

Decided Sept. 25, 2000.

*Petersen & Ibold* and *Todd Petersen,* for appellant.

*Walter & Haverfield* and *Charles T. Riehl,* for appellee village of Gates Mills.

*Mansour, Gavin, Gerlack & Manos, Anthony J. Coyne* and *Eli Manos; Walter & Haverfield, Christopher Gibbon* and *Patrick J. Rhoa,* for appellee Gates Mills Land Conservancy.

KENNETH A. ROCCO, Judge.

Appellant William Weber[1] challenges a common pleas court decision finding that he lacks standing to bring an action for a declaratory judgment concerning a land transaction among the appellees, the village of Gates Mills (the village) and

---

1. The other plaintiff in the underlying action, Charles L. Mlakar, filed a separate appeal, Cuyahoga App. No. 76860, which he voluntarily dismissed with prejudice.

the Gates Mills Land Conservancy (the Conservancy). Appellant's single assignment of error contends:

"The trial court erred to the prejudice of plaintiff William R. Weber when it dismissed his claim for declaratory judgment against the defendant village of Gates Mills for lack of standing."

We find appellant has not shown he has standing to pursue his claim against the village. Therefore, we affirm the common pleas court judgment.

## PROCEDURAL HISTORY

The complaint in this case was originally filed on October 21, 1998, and demanded both declaratory and injunctive relief. It was subsequently amended to omit the request for injunctive relief.

In the amended complaint, the plaintiffs claimed they were residents and taxpayers of the village and members of the Conservancy and the owners of property adjacent to land that the village proposed to acquire from the Conservancy for the purpose of constructing a sanitary sewage treatment facility. The village planned to acquire the three-acre property from the Conservancy by exchanging it for some eleven acres of village property. Count one of the amended complaint sought a declaration that the proposed sale of village property violated a statutory requirement that village property may only be sold to the highest bidder after advertisement for five weeks. Count two requested a declaration that the use of the property for sanitary sewage purposes violated the terms of the levy that provided the funds for the Conservancy's acquisition of the land. Third, the amended complaint asked the court to declare that the sale of the land to the village for the construction of a sewage treatment facility contravened the purpose of the Conservancy. The fourth count of the amended complaint alleged the village's passage of a resolution to acquire the property was an attempt to circumvent a referendum that appellants had had placed on the ballot. This referendum called for an amendment to the village charter to require voter approval of village acquisitions of Conservancy lands. Count five claimed the resolution violated R.C. 121.22. Finally, count six asserted that the village's proposed use of the property for sewage treatment was not permitted under present zoning regulations.

Both defendants answered. The village's answer raised a number of affirmative defenses, including the contention that plaintiffs lacked standing.

The parties submitted briefs to the court regarding appellant's claims for declaratory relief, in accordance with a court-established briefing schedule. Appellant's brief abandoned the claims in counts three and four of the complaint. In one of its briefs, the Conservancy requested a declaration that the plaintiffs were not entitled to judgment against it.

In a judgment entry filed July 29, 2000, the trial court held that plaintiffs' claims could only be brought as a taxpayer's action under R.C. 733.59. That statute provides:

"If the village solicitor or city director of law fails, upon the written request of any taxpayer of the municipal corporation, to make any application provided for in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation."

The court found plaintiffs had not made a written request to the village law director and had not shown that such a request would be futile. Therefore, the court found plaintiffs lacked standing to pursue this action against the village and dismissed their claims against the village with prejudice. The court also granted the Conservancy's request for a declaratory judgment that the Conservancy did not violate its mandate or obligations by entering into this transaction with the village. Appellant does not challenge the court's ruling with respect to his claim against the Conservancy.

## LAW AND ANALYSIS

Appellant argues that the trial court erred by dismissing his claims against the village because he has standing to pursue his claims as the owner of property adjacent to the property at issue. Appellant claims that as an adjacent property owner, he is the special beneficiary of conservation restrictions on the use of this land, which entitles him to maintain an action to enjoin the misuse of the land. Therefore, he claims, he need not comply with R.C. 733.59. Cf. *Steubenville ex rel. Blackburn v. Targoss* (1965), 3 Ohio App.2d 21, 28–30, 32 O.O.2d 100, 104–105, 209 N.E.2d 486, 492–494.

Appellant presented no evidence to the common pleas court that he was an adjacent property owner. The village denied this allegation of the amended complaint, so appellant bore the burden of proving it. Therefore, appellant failed to demonstrate that he had standing on this basis. *Three Bills, Inc. v. Parma* (1996), 111 Ohio App.3d 740, 745–46, 676 N.E.2d 1273, 1275–1277.

The village also argues appellant's action was properly dismissed as moot. Having found the trial court dismissed his claims for lack of standing, we need not address this issue.

Appellant's sole assignment of error is overruled. The common pleas court's judgment is affirmed.

*Judgment affirmed.*

DYKE, A.J., and KARPINSKI, J., concur.