OPINION
{¶ 1} Defendants-appellants, Randy and Claudia Adams ("Adams"), appeal the judgment of the Logan County Court of Common Pleas which ordered them to modify their boat shelter. Because we find the Adams violated one deed restriction but not another, we affirm the part of the trial court's judgment ordering the Adams to modify the height of their boat shelter, and reverse the part of the judgment ordering the Adams to eliminate an overhang extending therefrom.
 {¶ 2} Holiday Shores Allotment #3 ("Holiday Shores") is a residential development located along a series of channels connecting to Indian Lake. The lot owners use these waterways to access the lake by boat.
 {¶ 3} At issue are a series of lots located in the southeast quadrant of two crossing channels. Lots 35 through 44 sit on the south side of a channel running east to west. Lots 45 through 50 sit on the east side of a channel that runs north to south. Lots 35 through 44 are restricted to mobile homes, and lots 45 through 50 are restricted to traditional, "stick-built" homes.
 {¶ 4} The plaintiffs-appellees, Michael and Barbara Baker ("Bakers"), purchased a traditional home on lot 45 in 1991. The Adams purchased a mobile home on the neighboring lot 44 in 2003. Since lot 45 is the corner lot, and lot 44 is next to it, the Bakers and Adams abut the east-west channel. Both parties own boat shelters on that channel.
 {¶ 5} Notably, the deeds for lots 35 through 44 contain restrictions regarding boat shelters that are not included in the deeds for lots 45 through 50. Those restrictions provide in pertinent part:
5. No more than one mobile home shall be placed on thepremises. All mobile homes, wheel ribbons, sea walls and boatslips, carports, T.V. towers and electrical service masts shallbe placed in conformance with the following:
 (d) Boat Slip: The boat slip shall be constructed ofpre-cast concrete only. The length wall of the boat slip shall beplaced eight (8) feet from the lot line and run parallel thereto.Boat slip shelters shall not be more than seven feet in heightabove the grade of [the] boatwell or premises.
 {¶ 6} The Adams replaced their boat shelter shortly after they purchased lot 44. In doing so, an overhang was built from the boat shelter which extends to within five feet, five inches of their property line. The Adams built the boat shelter nine feet, four inches high and installed a davit, which is a small crane used to hoist a boat.
 {¶ 7} Several months after construction was completed, Bakers filed a complaint against the Adams. In the complaint, Bakers alleged the boat shelter violated the Adams' deed restrictions. Bakers further alleged the davit encroached on their lot.
 {¶ 8} Following a bench trial, the trial court found the boat shelter violated the deed restriction limiting the height of the boat shelter, and the overhang violated the intent of the deed restriction limiting the placement of the boat slip. The trial court also found the davit encroached on Bakers' lot. As a result, the trial court ordered the Adams to modify their boat shelter, eliminate the overhang, and move the davit.
 {¶ 9} It is from this decision that the Adams appeal and set forth four assignments of error for our review.
 ASSIGNMENT OF ERROR NO. 1 The Trial Court erred in finding that plaintiffs-appellees hadstanding to enforce deed restrictions in defendants-appellant'schain of title.
 {¶ 10} For the reasons that follow, we find the Adams' first assignment of error, which asserts the Bakers lack standing to enforce the deed restrictions, lacks merit.
 {¶ 11} In Berger v. Van Sweringen (1966), 6 Ohio St.2d 100,216 N.E.2d 54, the Ohio Supreme Court addressed the issue of who may enforce deed restrictions similar to those at issue in this case. In doing so, the Ohio Supreme Court stated:
If the restrictive covenant was enacted for the benefit of theone seeking to enforce it, he may do so, but the burden is uponhim to show that such covenant restricting the use of the landsof another was intended to be for his benefit, and that he has anequitable interest in the other person's adherence to thecovenant.
 Berger, 6 Ohio St.2d at 102, citing Missouri Province Educ.Inst. v. Schlect (1929), 322 Mo. 621, 15 S.W.2d 770; Osius v.Barton (1933), 109 Fla. 556, 147 So. 862. Notably, whether a general plan of development exists is a factor in determining whether the restrictions are intended to benefit the party seeking to enforce them. Id.; Wilson v. Tuttle Son Constr.,Inc. (Feb. 18, 1982), 3d Dist. No. 2-81-14, at *6.
 {¶ 12} The Adams argue the facts weigh against finding a general plan of development exists, and more generally, Bakers' ability to enforce the deed restrictions. In support, the Adams note: Bakers' lot is designed for a traditional home; Bakers' deed does not contain restrictions regarding boat shelters; and other boat shelters on lots 36 through 39 violate the seven foot height restriction.
 {¶ 13} The deeds for lots 35 through 44 do contain restrictions different from the deeds for lots 45 through 50. But the deeds expressly describe the lots as being part of the same residential development. Thus, we believe sufficient evidence exists within the deeds, and from the surrounding circumstances, to find the developers intended a general plan of development comprised of traditional and mobile homes.
 {¶ 14} Moreover, we find, as did the trial court, that the deed restrictions are of value because they guarantee a uniform and "aesthetically pleasing neighborhood." This is so despite minor violations by other remote lot owners. See Romig v.Modest (1956), 102 Ohio App. 225, 229-230, 142 N.E.2d 555.
 {¶ 15} Based on the foregoing, we conclude the Adams' deed restrictions exist for the benefit of the lot owners in Holiday Shores, including the Bakers. We also conclude the Bakers maintain an interest in the enforcement of those deed restrictions because they are of value. We are, therefore, unable to conclude that the Bakers lack standing to enforce the deed restrictions.
 {¶ 16} Accordingly, the Adams' first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 The Lower Court erred in finding that plaintiffs-appelleeswere not guilty of laches.
 {¶ 17} In their second assignment of error, the Adams argue the defense of laches bars the Bakers from enforcing the deed restrictions. Specifically, the Adams argue the Bakers waited too long after the construction of the boat shelter to file their complaint. We conclude, however, that the Bakers are not barred by laches.
 {¶ 18} The defense of laches involves "`an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party.'"State ex rel. Eaton Corp. v. Indus. Comm. (1997),80 Ohio St.3d 352, 356, 686 N.E.2d 507, quoting Connin v. Bailey (1984),15 Ohio St.3d 34, 35, 472 N.E.2d 328. A party raising the defense must establish: (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party. State ex rel. Carter v. N.Olmstead (1994), 69 Ohio St.3d 315, 325, 631 N.E.2d 1048.
 {¶ 19} A trial court maintains discretion in determining whether the defense of laches applies. Still v. Hayman,153 Ohio App.3d 487, 2003-Ohio-4113, 794 N.E.2d 751, at ¶ 8. Thus, we will not overturn the trial court's decision on that issue unless the trial court abused its discretion. Id. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 20} Before beginning construction, the Adams told Bakers of their intent to build a new boat shelter. The Adams stated their boat shelter would be similar in design to a ten foot, six inch tall boat shelter located on a lot across the channel. The lot across the channel is not, however, part of Holiday Shores.
 {¶ 21} Bakers voiced their objection to the Adams' proposed construction, and provided the Adams a copy of the deed restrictions before construction was completed. Bakers' attorney also mailed the Adams a letter informing the Adams of the Bakers' intent to enforce the deed restrictions. Nevertheless, the Adams built their boat shelter as they saw fit.
 {¶ 22} After reviewing the record, we find any delay in pursuing legal action to be reasonable. This is so because any delay stemmed from Bakers efforts to afford the Adams the opportunity to correct the violations at issue. See ConnollyConstr. Co. v. Yoder, 3d Dist. No. 14-04-39, 2005-Ohio-4624, at ¶ 25. We further find Bakers efforts constitute a valid excuse for any delay. Id. at ¶ 26. Based on these findings, we cannot say the trial court abused its discretion when it determined the defense of laches did not bar the Bakers from enforcing the deed restrictions.
 {¶ 23} Accordingly, the Adams' second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3 The Lower Court erred in ordering defendants-appellants tomodify the roof of their boat slip when there was no evidence orproof of irreparable injury caused the plaintiffs-appellees.
 {¶ 24} In their third assignment of error, the Adams argue Bakers do not suffer harm sufficient to warrant injunctive relief. We do not agree.
 {¶ 25} An injunction provides equitable relief under extraordinary circumstances where no adequate remedy at law exists. Haig v. Ohio State Bd. of Edn. (1992),62 Ohio St.3d 507, 510, 584 N.E.2d 704; Garono v. State (1988),37 Ohio St.3d 171, 173, 524 N.E.2d 496. An injunction "is not available as a right but may be granted by a court if it is necessary to prevent a future wrong that the law cannot." Garono,37 Ohio St.3d at 173.
 {¶ 26} A trial court maintains discretion to grant injunctive relief. Perkins v. Quaker City (1956), 165 Ohio St. 120, 125,133 N.E.2d 595. Thus, we will not overturn the trial court's decision to grant an injunction unless the trial court abused its discretion. Id.
 {¶ 27} The evidence, testimony, and exhibits in the record reflect the boat shelter is substantially taller than the deed restrictions allow, and, consequently, higher than all other boat shelters on the same channel in Holiday Shores. As a result, the uniform and "aesthetically pleasing neighborhood" is diminished. Therefore, we conclude the trial court did not abuse its discretion when it found under the particular facts of this case that the Bakers do not have an adequate remedy at law and suffer harm sufficient to warrant injunctive relief, and ordered the Adams to modify the height of their boat shelter.
 {¶ 28} Accordingly, the Adams' third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 4 The Lower Court erred in finding that the boat shelter or roofshould be minimum [sic] of eight feet from the parties' lot lineand in ordering defendants-appellants to modify the roof of theirboat slip to cover only the boat slip and maintain the eight footdistance from the lot line.
 {¶ 29} In their fourth assignment of error, the Adams argue a particular deed restriction limits the placement of the boat slip but not the boat shelter or overhang. From this premise, the Adams conclude the trial court erred when it found the boat shelter and overhang violated the intent of the deed restriction at issue. For the reasons that follow, Adams' fourth assignment of error is well-taken.
 {¶ 30} Courts generally disfavor restrictions on the free use of land. Connolly, 2005-Ohio-4624, at ¶ 15, citing Loblaw,Inc. v. Warren Plaza, Inc. (1955), 163 Ohio St. 581,127 N.E.2d 754, paragraph two of the syllabus. As such, courts construe restrictive covenants strictly. Id. Courts must, however, enforce restrictive covenants that are clear and unambiguous. Dean v.Nugent Canal Yacht Club, Inc. (1990), 66 Ohio App.3d 471, 475,585 N.E.2d 554.
 {¶ 31} A court's goal in interpreting the language of a restrictive covenant is to determine the parties' intent. Id. In doing so, the court must give the language in the restrictive covenant its common and ordinary meaning. Devendorf v. AkbarPetroleum Corp. (1989), 62 Ohio App.3d 842, 845, 577 N.E.2d 707.
 {¶ 32} In this case, the deed restriction at issue provides: "The length wall of the boat slip shall be placed eight (8) feet from the lot line and run parallel thereto." (Emphasis added.) Although the deed restriction limits the placement of the boat slip, it does not address the placement of the boat shelter or overhang. And since we must strictly construe the language in the deed, we cannot say, by implication or otherwise, the placement of the boat shelter or overhang violates the intent of the restriction because the overhang extends to within five feet, five inches of the property line.
 {¶ 33} Additionally, Bakers note a different deed restriction provides: "7. No storage shed or building of any kind shall be attached to the * * * boat shelter, or placed on the premises; * * *. (The term shelter shall be construed to mean roof. * * *)." Bakers also note the Adams regularly place two jet skis under the overhang on the weekends. Based on these facts, Bakers argue the overhang is an impermissible "storage shed." The deed restriction does not, however, define "storage shed."
 {¶ 34} The record contains some evidence that the Adams use the overhang to cover the jet skis on the weekends. But the record also contains contradictory evidence that the Adams use the overhang as a patio. Thus, in the absence of further evidence, we find Bakers' argument unpersuasive.
 {¶ 35} In sum, we conclude the deed restriction does not explicitly limit the placement of the boat shelter or overhang, and without more direct language, we may not infer that it is the intent of the deed restriction to do so. We also conclude the overhang is not an impermissible "storage shed" within the meaning of an alternate deed restriction. Accordingly, the trial court erred when it ordered the Adams to eliminate the overhang from the boat shelter.
 {¶ 36} The Adams' fourth assignment of error is sustained.
 {¶ 37} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Affirmed in Part, Reversed in Part and CauseRemanded.
 Bryant, P.J. and Shaw, J., concur.